No. 8801.

THE STATE OF LOUISIANA EX REL. MOSES, LOBE & CO. VS. W. T. HOUSTON, JUDGE, ETC., ET ALS.

A prohibition does not lie to arrest the execution of a judgment rendered by a court vested with jurisdiction over the subject matter.

A suspensive appeal from a judgment dismissing, on exceptions, the intervention of an adjudicatee contemplating the erasure of mortgage inscriptions, does not strip the court of jurisdiction over a demand to coerce payment of the price of adjudication retained by such adjudicatee at a judicial sale.

Where the judgment rendered is erroneous and aggrieves the adjudicatee and is such as could not have been legally rendered without notice to him, and he was not properly made a party, the law does not leave him without a remedy to suspend or arrest the execution of such judgment.

The writ of prohibition is not designed to stay the enforcement of such judgment.

APPLICATION for a Prohibition.

*E. E. Moïse* for the Relators.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an application for a prohibition.

The complaint is that the District Judge, after granting a suspensive appeal from a judgment dismissing an intervention by the relators, has illegally assumed to render against them, without any notice to them, a judgment for a large amount, which the sheriff is about to execute.

The charge upon which the complaint rests is, that the matter at issue in the intervention is the same as that involved in the proceeding in which the money judgment was rendered.  Hence, it is argued that the District Judge, having been stripped of jurisdiction in the first case, by the suspensive appeal obtained, was divested of all authority to adjudicate in the second proceeding.  Consequently it is urged that he has usurped a jurisdiction which belongs to this Court, and that he should be restrained from enforcing the judgment complained of.

The relators filed the intervention to which reference is made, as adjudicatees of certain real estate sold to foreclose a mortgage *via executiva*.  They substantially averred in it that the property was sold them for $67,000, of which they paid $10,000 to the sheriff, retaining the difference ; that they propose to deposit that difference as the Court may direct, in order to obtain the cancellation of all mortgage and other inscriptions against the real estate to them adjudicated by the sheriff.  They prayed for relief accordingly.

On exceptions this intervention was dismissed, and from this judgment of dismissal the relators have obtained a suspensive appeal,

returnable to this Court on the third Monday of February, instant, on giving bond for one thousand dollars.

The judgment subsequently rendered and complained of, directs the sheriff to collect $21,847.53 from the relators, out of the difference between the sum paid by them to the sheriff and the amount of adjudication. Under that judgment the sheriff demands the amount, which relators refuse to pay him, on the ground that the judgment is a nullity. They claim it to be such because the court was without jurisdiction to render it and because they were not made parties to the proceeding in which it was rendered.

The matter at issue under the intervention is not the same as that involved in the proceeding in which the money judgment was rendered.

The question in the intervention was whether, on depositing *the difference*, $57,000, in their hands, as adjudicatees, the intervenors would be entitled to a cancellation of the mortgage and other inscriptions against the real estate adjudicated to them.

The question in the proceeding in which the money judgment was rendered was, whether the sheriff should or not collect the sum of $21,847.53 from the adjudicatees, out of the difference in their hands.

We are not told of the form of the last proceeding, and we are left to assume that the judgment is responsive to the issue presented under it.  C. P. 689.

It is manifest that a judgment in one case would not constitute *res judicata* in the other. Hence, the matters invoked in the two proceedings are not identical and the appeal taken from the judgment on the intervention, contemplating an erasure of mortgage inscriptions, did not divest the court of jurisdiction over the proceeding to coerce payment of part of the price of adjudication.

It is possible that the money judgment rendered in that last proceeding should not have been rendered without previously affording the relators, if they were necessary parties, an opportunity to be heard, or that it is otherwise incorrect; but it surely cannot be assailed because the court had no jurisdiction to render it.

Whatever may be the effect of the *suspensive* appeal from the judgment *dismissing* the intervention, it cannot certainly be claimed that the appeal has stripped the District Judge of jurisdiction over a demand, founded or not, to compel the adjudicatees to pay, either the whole, or part of the balance of the price of adjudication in their hands. It would indeed be a convenient but unauthorized mode, on giving a bond for one thousand dollars only, to put off the payment of fifty-seven thousand dollars in capital, judicially admitted to be

due. By such device purchasers would be authorized to keep both the property and the price.

If the money judgment which the sheriff seeks to collect from the relators be erroneous, one which aggrieves them, and one which could not be rendered without their being made parties, and they were not made such, the law does not leave them without remedy, either to suspend or annul its execution.

The writ of prohibition was not designed as the remedy in a case like that now presented.

It is, therefore, ordered and decreed, that the application be refused with costs.