DOBSON v. WESTHEIMER ET AL.

COURTS — PROHIBITION — WRIT OF — JURISDICTION — JUDGMENT — ERROR.

1. The Supreme Court is clothed, by the constitution, with abundant authority in the exercise of its appellate and revisory jurisdiction, without invoking inherent powers of such a court. (Const., Art. 5, Sec. 3.)

2. The power granted the court, by the constitution, to issue writs of prohibition has reference to the writ as known to the common law, and is confined to cases where the act sought to be prohibited is of a judicial nature.

3. The writ will not lie except to prevent the encroachment of jurisdiction by courts, or, at the furthest, bodies exercising quasi-judicial functions. It cannot be granted for the purpose of arresting proceedings purely ministerial in their character.

4. It will not be granted to prevent a sheriff from selling property seized in attachment, and held under execution after judgment.

5. After judgment in the district court, the action of that court cannot be reviewed in the supreme court on an application for writ of prohibition to restrain further proceedings, but, if erroneous, such action can only be reviewed on error.

[Commenced May 3, 1894—Decided May 10, 1894.]

ORIGINAL APPLICATION for writ of prohibition, in which certain judgment and execution creditors, the sheriff, and the

judge of the district court were made respondents. The prayer of the petition was to the effect that all proceedings in a certain action in said district court be declared void, and that prohibition issue to prevent all the respondents from proceeding further in said action and upon the judgment. The facts are stated in the opinion.

*M. B. Camplin,* for petitioner.

GROESBECK, CHIEF JUSTICE.

The said plaintiff by his attorney presents his application for the writ of prohibition, which shows on its face: That petitioner is now and was during all of the times mentioned in his petition a resident of Weston county in this State; that defendants, S. Westheimer and Company, brought suit in the district court of Sheridan county against plaintiff Dobson and one J. A. Jones, as co-partners doing business under the name and style of J. A. Jones and Company; that at the time of filing the petition in said suit an affidavit of attachment was filed alleging several grounds of attachment permitted by statute and also an undertaking in attachment approved by the clerk of court; that a summons and order of attachment issued thereon directed to the sheriff of Sheridan county in which J. A. Jones and Company were named as defendants. These were returned non est inventus and nulla bona, and alias summons and an order of attachment were issued, one directed to said sheriff and the other to the sheriff of Weston county. Jones was not found, but Dobson was served with the summons in Weston county, and summons by publication was made against Jones. Under the alias order of attachment a small amount of personal property of Jones & Co. was seized in Sheridan county and personal property consisting probably of liquors and saloon fixtures as the property of Dobson in Weston county. Dobson filed his plea to the jurisdiction of the court in said action, alleging that said court had no jurisdiction of the property and person of Dobson, and that he could be sued only in Weston county and his property seized only by virtue of process issuing out of a competent

court of that county. This plea was overruled by the court and the property seized in both counties ordered to be sold to satisfy the judgment which the court rendered on default, no appearance other than the plea to the jurisdiction having been interposed. No motion was made to dissolve the attachments. We are asked to grant a "temporary writ of prohibition" by which we assume that petitioner desires a rule of this court on the parties named defendants to show cause why the writ should not issue. The code permits an action to be brought against a non-resident of this State in any county where there is property of or debts owing to the defendant, and when the action is rightly brought in any county a summons may be issued to any other county against one or more of the defendants at the plaintiff's request, with but one exception which does not apply in this case. Secs. 2419, 2425, Rev. Stat. Orders of attachment may be issued to the sheriffs of the different counties, and several of them may, at the option of the plaintiff be issued at the same time or in succession. Rev. St., sec. 2873.

It would seem that the proceedings relating to the issuance of the summons and orders of attachment were regular, but it is improper to decide that question, as it is manifest that we can afford the petitioner no relief in that respect, as the regularity of the proceedings of a court cannot be reviewed by the writ of prohibition. We have no statute relating to the procedure governing the application for the writ of prohibition. The constitution of this State provides that "the supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Sec. 3, Art. 5. One of the essential attributes of appellate jurisdiction, and one of the inherent powers of an appellate court, is the right to make use of all writs known to the common law, and if necessary, to invent new writs of proceedings in order to suitably exercise the jurisdiction conferred. Wheeler v. N. C. Irr. Co., 9 Colo., 249; Att'y Gen. v. R. R. Cos., 35 Wis., 425; Marbury v. Madison, 1 Cranch, 137.

The constitutional grant construes itself and is broad enough to clothe this court with abundant authority in the exercise of its appellate and revisory powers without invoking the inherent powers of the court. The power granted is construed with reference to the writ as known to the common law, and is confined to cases where the act it is sought to prohibit is of a judicial nature. It has been held, under such a constitutional provision, that a statute extending the use of the writ to acts which are either judicial or ministerial, is unconstitutional. High Ex. Rem., sec. 785. As we have no statute regulating the proceeding, the method of procedure rests entirely upon the ancient practice. The writ was issued to prevent the encroachment of the ecclesiastical courts upon the civil tribunals and vice versa. It has rarely been employed under the common law, and it has been employed most extensively where the procedure has been regulated by some statutory method as in California. But in that State, the writ mentioned in the constitution is declared to be the writ as known to the common law, and not the converse of the writ of mandamus, although the code of civil procedure of that State states that it is the "counterpart" of such writ. Maurer v. Mitchell, 53 Cal., 289. The application was an original one addressed to the supreme court of California for the writ to prevent proceedings by a Tax Collector in selling property charged with a special assessment for the improvement of streets, under a special statute; and the writ was denied. So it appears that either under the common law or by virtue of a statute the writ will not lie except to prevent the encroachment of jurisdiction by courts, or at the farthest, bodies exercising quasi judicial functions. It cannot be granted for the purpose of arresting proceedings which are purely ministerial in their nature, but only those of a judicial character. 19 Am. & Eng. Cy. of Law, p. 269, and cases cited. It will not lie to an inferior court to restrain the issuing of an execution, for this is a ministerial, not a judicial act. Ex-parte Braudlaucht, 2 Hill, 367; People v. Supervisors of Queens Co., 1 Id., 195, 201. All the proceedings of the lower court have passed to judgment and execution, and the effect of the

writ would be to control and arrest the sheriff from selling the property seized in attachment and merged into execution by the order of the court. The judgment was rendered before this application was made, as appears from the petition, and the execution was already directed by the order of the court; hence the only officer to be affected by the application would be the sheriff of Weston county, and as we have already seen, he, as a ministerial officer, can not be arrested in his official action, as his duties are purely ministerial and the writ runs only to arrest judicial proceedings or such as are judicial in their nature. The assertion that the petitioner was never a member of the co-partnership sued and now judgment debtors, can not be considered here. That question could only have been raised in the trial court by answer, or other proper pleading, and we could not in this proceeding review the action of the trial court, even if it is in our judgment erroneous, as such action can only be reviewed on error.

The writ is denied and the petition dismissed.

CONAWAY and CLARK, JJ., concur.