(No. 12349.—Order affirmed.)

A. G. KENNEDY *et al.* Appellees, *vs.* THE STATE PUBLIC
UTILITIES COMMISSION *et al.* Appellants.

*Opinion filed February 20, 1919.*

1. PUBLIC UTILITIES—*duty of filing transcript of record with the circuit clerk is imposed upon commission.* The duty of filing with the clerk of the circuit court the transcript of the record on appeal from an order of the Public Utilities Commission is imposed by section 68 of the Public Utilities act upon the commission and not upon any party to the proceeding, and there is no analogy between such provision of the statute and statutory provisions for filing the transcript in case of an appeal in actions at law or in equity.

2. SAME—*Fees and Salaries act does not authorize commission to charge for a transcript of record.* The Fees and Salaries act, which in a general way covers the fees which may be charged and collected by public officers, does not authorize the Public Utilities Commission to charge fees for a transcript of the record in case of an appeal from its order or decision to the circuit court.

3. SAME—*section 7 of Public Utilities act does not authorize charge for transcript of record.* Section 7 of the Public Utilities act, authorizing the commission to charge and collect certain fees for certified and uncertified copies of papers in its proceedings, does not authorize the commission to require a person appealing from its order to pay for a transcript of the record nor to refuse to file the same unless such payment is made.

4. SAME—*purpose of Public Utilities act.* The purpose of the Public Utilities act is the regulation of public utilities and to secure to the public proper and efficient service by public utilities at uniform and reasonable rates.

5. SAME—*Costs act does not apply to proceeding in circuit court on appeal from order of commission.* The proceeding in the circuit court on an appeal from an order of the Public Utilities Commission does not come within any provision of the Costs act, and the party successful in the circuit court cannot recover his costs against the opposite party.

6. FEES AND SALARIES—*fees for the performance of public duty must be specifically provided for by statute.* Fees for the performance of any duty imposed upon a public officer are only authorized where specifically provided for and fixed by statute, but where they are so provided for and fixed the officer is not required to perform the duty until his fees are paid.

7. STATUTES—*construction defeating the purpose of the statute should not be adopted.* In construing a statute the scope and purpose of the act are material, and a construction leading to unjust results and tending to defeat the purpose of the act ought not to be adopted.

8. COSTS—*costs cannot be awarded except when authorized by statute.* Courts have no power to award costs against anyone except by authority derived from the statute, and where the General Assembly has not authorized a recovery there cannot be any judgment of the successful party for his costs.

CARTER, J., dissenting.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, W. E. TRAUTMANN, and A. D. RODENBERG, for appellant the State Public Utilities Commission.

JOHN . FAISSLER, for appellant the DeKalb-Sycamore Electric Company.

A. G. KENNEDY, (H. W. PRENTICE, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A. G. Kennedy and others filed a complaint with the Public Utilities Commission concerning the steam-heat rates charged by the DeKalb-Sycamore Electric Company in the city of DeKalb, and the commission, after a hearing, entered an order on April 30, 1917. The order was served upon the parties interested shortly after it was entered, and within thirty days after the date of the order, Kennedy, for himself and associates, filed with the clerk of the circuit court of Sangamon county a notice of appeal and a copy of the notice with the secretary of the commission. Upon receipt of the notice the secretary wrote to

Kennedy that the approximate cost of preparing the record would be $225 and upon receipt of that amount he would file the record as prescribed by law. The money demanded was not paid and the cause was set for hearing in the circuit court on October 9, 1917, when the electric company filed a motion, supported by affidavit, to have the appeal dismissed for a failure to pay for the record and have it filed as required by law. The parties appearing filed a counter-motion to require the commission to file the record. The cause was continued until May 15, 1918, when the motions were heard, and the court denied the motion to dismiss the appeal and ordered the commission to file the record within five days. From that order the electric company and commission appealed to this court.

The act entitled "An act to provide for the regulation of public utilities," (Laws of 1913, p. 459,) provides for uniform and reasonable rates for service by a public utility, and in section 64 provides for a complaint by any person setting forth any act or thing done or omitted to be done in violation or claimed to be in violation of any provision of the act, and section 65 provides for a hearing of the complaint. Section 68 provides that within thirty days after the service of any order or decision of the commission any person or corporation affected by the order or decision may appeal to the circuit court of Sangamon county and shall file with the secretary of the commission written notice of the appeal. The commission, upon the filing of such notice of appeal, is required, within five days thereafter, to file with the clerk of the circuit court a certified copy of the order appealed from and within ten days thereafter the record provided by the statute. That record is to be a transcript of the testimony, together with all exhibits or copies thereof introduced and all information secured by the commission on its own initiative and considered by it in rendering its order or decision, and of the pleadings, record and proceedings in the case. The section con-

tains a proviso that the person or corporation taking the appeal, and the commission, may stipulate that a specified portion, only, of the evidence shall be certified to the court.

The duty of filing with the clerk of the court, in case of appeal, the transcript of the record within a specified time is imposed upon the commission and not upon any party to the proceeding, and the question to be decided is whether the commission is entitled to fees for the making of the transcript and excused from performing the duty enjoined upon it until such fees are paid. Fees for the performance of any duty imposed upon a public officer are only authorized where specifically provided for and fixed by statute, but where they are so provided for and fixed the officer is not required to perform the duty until his fees are paid. (*People* v. *Rockwell*, 2 Scam. 3; *People* v. *Harlow*, 29 Ill. 43; *Meserve* v. *Delaney*, 112 id. 353.) The Fees and Salaries act, which covers in a general way the fees which may be charged and collected by public officers, does not authorize the charge made in this case, and the only ground upon which it is claimed is section 7 of the Public Utilities act, which authorizes the commission to charge and collect the following fees: "For copies of papers and records not required to be certified or otherwise authenticated by the commission, ten cents for each folio; for certified copies of evidence and proceedings before the commission or of official documents and orders filed in its office fifteen cents for each folio, and one dollar for every certificate under seal affixed thereto." There is a proviso that no fees shall be charged or collected for copies of papers, records or official documents furnished to any city or public officers for use in their official capacity. The section does not in terms nor by its natural meaning apply to a transcript of record to be filed in a judicial proceeding to which the commission is a party, but it evidently applies to copies not certified furnished to parties for their information and certified copies which may be used as evidence in prosecutions or suits

where such evidence may be material and competent. If it is considered possible to extend the meaning of the section to the transcript of its record which the commission is required to file on appeal the scope and purpose of the act are material, and if such a construction would lead to unjust results and tend to defeat the purpose of the act it ought not to be adopted. The purpose of the act, as declared in the title, is regulation of public utilities, and the whole object of the act is to secure to the public proper and efficient service by public utilities at uniform and reasonable rates. To accomplish that object the act takes from public utilities and the persons served by them the right to make their own contracts and authorizes the commission to fix reasonable rates to protect and conserve the public interest. The act authorizes a complaint by any person that the rate charged for service is unjust and unreasonable. The amount involved as to one or several persons complaining of an unreasonable rate may be, and ordinarily is, very small, and the burden of making a complaint and having a hearing necessarily involves considerable expense. The State provides annual salaries for members of the commission and payment for all assistance, with ample appropriations for every expense involved in securing and protecting public interests. It ought not to be presumed that the General Assembly intended to add to the necessary burden and expense the payment of a substantial sum of money as fees to the commission for the privilege of having a judicial determination whether its order is lawful or reasonable. To give section 7 such an interpretation would perhaps in the majority of cases cause one who believes he is charged an unreasonable rate, to bear the ills he has rather than incur the expense of securing a review of an order made by the commission. This case is a striking illustration of the injustice that would result from such a construction of section 7, where complaint was made by a few persons of unreasonable charges for steam heat in De-

Kalb. The statute allows to the clerk and officers of the circuit court fees for their services, and the parties appealing to the court must pay the fees for services rendered for them and can never recover them back. Costs are only recoverable when awarded by the statute, and where the General Assembly has not authorized a recovery there cannot be any judgment of the successful party for his costs. Courts have no power to award costs against anyone except by authority derived from the statute. (*Smith* v. *McLaughlin,* 77 Ill. 596; *Dobler* v. *Village of Warren,* 174 id. 92; *Roby* v. *Chicago Title and Trust Co.* 194 id. 228.) The proceeding in the circuit court does not come within any provision of the Cost act, and the party successful in the circuit court cannot recover his costs against the opposite party. To give section 7 the construction contended for would lead to most unjust results and would tend to defeat the purpose of the act. By the statute the duty of filing the transcript within a specified time is enjoined upon the commission, and there is no analogy between the statute and statutory provisions for filing the transcript in case of an appeal in actions at law or in equity. Where there is such an appeal the duty of filing the transcript of the record rests upon the appellant, and the transcript must be secured and filed by him within a specified time or the appeal will be dismissed, while in case of an appeal from an order of the commission there is no such duty or provision.

The court did not err in ordering the commission to file the transcript, and the order is affirmed.

*Order affirmed.*

Mr. JUSTICE CARTER, dissenting:

I do not agree with the construction given to the Public Utilities statute by the foregoing opinion. As I construe this statute, the legislature intended that the persons appealing from the decision of the Public Utilities Commission to the courts should pay the fees as provided in section 7 of

said act. I do not think that the legislature intended that the clerks employed by the Public Utilities Commission and paid out of public funds should be required to perform the labor of making up the record to be taken to the courts without the fees being paid first by those asking for the record. The Public Utilities statute can be fairly construed to hold that it was the legislative intention to require those who desire documents to be certified for the purpose of making a. record to be taken to the courts for review, to pay for the preparation and certification of said documents, as required by said section 7.