STATE, EX REL., REX INVESTMENT CO., ET AL.
v. DISTRICT COURT*

(No. 1485; October 27, 1927; 260 Pac. 185)

PROHIBITION—MINISTERIAL ACTS NOT ARRESTED BY WRIT—APPLICA-
TION MUST SHOW NO OTHER ADEQUATE REMEDY—WRIT OF PROHI-
BITION DISCRETIONARY — CONFIRMATION OF SALE — SALE UNDER
SEPARATE MORTGAGES EN MASSE.

1.  Act of delivering of deed and possession by officials ap-
    pointed by court to conduct mortgage foreclosure sale,
    being merely ministerial and not judicial, is not subject
    to interference or to be arrested by writ of prohibition.

2.  Where relators did not show that remedy by appeal or pro-
    ceeding in error from judgment in mortgage foreclosure
    action and order confirming sale en masse of separate
    premises covered by two mortgages of plaintiff in fore-
    closure action, which parcels were each and both covered
    by second mortgage held by relators, was inadequate,
    relators were not entitled to writ of prohibition.

3.  Writ of prohibition is a discretionary writ, rather than
    writ of strict legal or equitable right.

4.  Where separate mortgages were executed to S. on two par-
    cels of land, and relators' second mortgage covered each
    and both of said parcels, and S. foreclosed his mortgages,
    and parcels were sold en masse to S. for amount substan-
    tially equal to appraised value of premises, and sub-
    stantially amount of indebtedness to S., and sale was
    confirmed, there remaining nothing to be done, except
    delivery of deed and possession, and relators claimed that
    judgment and confirming order were void because of au-
    thorization of sale of both parcels as one property, *held*
    not entitled to writ of prohibition.

*See Headnotes: (1) 32 Cyc. p. 605 n. 35 New; (2) 32 Cyc. p.
614 n. 2; (3, 4) 32 Cyc. p. 600 n. 5; p. 610 n. 79 New.

Original proceeding in prohibition by the State, on the
relation of the Rex Investment Company and others,
against the District Court of the Eighth Judicial District
within and for the County of Natrona and Bryant S.

Cromer, Judge thereof. Heard on motion to quash alternative writ.

*E. Paul Bacheller*, for plaintiffs, submitted the following authorities:

Spelling, Vol. 1, Secs. 40 and 41, and note; 27 Cyc. 1073, 41 C. J. 466, Sec. 369; Jones Mortgages, Sec. 1577-a; Snow v. Haberer, 170 Ill. App. 265; 41 C. J. 973, Sec. 1421; McCone v. Courser, 15 Atl. 129; Kelso v. Russell, 74 Pac. 561; Strode v. Miller, 59 Pac. 893; Hull v. King, 37 N. W. 792; Child v. Morgan, 52 N. W. 1127; Bitzer v. Campbell, 49 N. W. 691; Mason v. Goodnow, 42 N. W. 482; Taylor v. Evans, 183 N. W. 89; Sec. 4633 W. C. S. 1920; Spelling, Vol. 2, Sec. 1730; 24 Pac. 121; 41 C. J. 1465, p. 1010.

*Hagens & Murane*, for defendants.

The rule requiring separate sales of disconnected parcels of land is not arbitrary, but is followed when better prices can be obtained. Genda Springs., etc. v. Lombard, 47 Pac. (Kans.) 432. The code is silent as to mode of sale, and the Court has jurisdiction to confirm the sale. Hopkins v. Wiard, (Calif.) 13 Pac. 687; Heyburn v. Babcock, 30 Calif. 367; Macombe v. Prentis, (Mich.) 23 N. W. 788; Kane v. Jonasen, (Neb.) 76 N. W. 441; McLarty v. Urquhart, (N. C.) 69 S. E. 245; Miller v. Trudgeon, (Okla.) 86 Pac. 523; Land Co. v. Audas, (Ky.) 110 S. W. 325; Shepers v. Pepper, 33 L. Ed. 706. Prohibition will not lie if inferior court has jurisdiction and there be a remedy by appeal. 32 Cyc. 612-617; Keefe v. Court, 16 Wyo. 381; State v. Court, 31 Wyo. 413; State v. Tidball, (Wyo.) 252 Pac. 499; Altman v. Court, (Wyo.) 254 Pac. 691. The writ is granted to prevent action and not to undue what has already been done. State v. Ausherman, 11 Wyo. 410; State v. Court, 5 Wyo. 227; State v. Mills, (Mo.) 133 S. W. 22; State v. Taylor, (Mo.) 166 S. W. 1071; Corley v. Court, (Okla.) 134 Pac. 835. The writ will not lie to prohibit ministerial acts.

*Per Curiam.*

The petition for the writ of prohibition in this case questions the jurisdictional validity of the judgment and proceedings in an action brought for the foreclosure of certain mortgages. In August, 1920, one of the relators, Rex Investment Company, a corporation, executed and delivered to one W. R. Sample certain promissory notes aggregating $125,000 and as security therefor a mortgage covering Lot 2 in Block 7 in the City of Casper, this state. On the same day, said relator also executed and delivered to said Sample a further series of promissory notes aggregating the same sum, $125,000, and at the same time, as security therefor, a mortgage covering Lot 16 of Block 18 in said city. On the same day the said relator executed and delivered a promissory note for $25,000, which was transferred to the other relators in this case, Nicolaysen Lumber Company and M. J. Gothberg, which note was secured by a mortgage upon both of the properties above described, and was given as a second and junior lien thereon. Said debtor company, being in default in the payment of said notes to Sample, the latter, on September 11, 1926, commenced an action in the district court in Natrona County, wherein Casper is situated, against the said Investment Company, Nicolaysen Lumber Company and Gothberg and the Casper Wyoming Theatres Company, seeking therein a recovery upon the said promissory notes and the foreclosure of Sample's said mortgages and also to bar the second mortgagees from any interest in the premises. The latter answered, setting up and asking a foreclosure of their mortgage.

That action came on for hearing in the district court on March 3, 1927, and at the conclusion thereof said court (defendant herein) entered judgment whereby the amount due Sample upon his notes and mortgages and the amount due the Nicolaysen Lumber Company and Gothberg was determined and adjudged and the mortgaged premises

were ordered to be sold to satisfy the amounts so found to be due. By said judgment and decree Edward E. Murane and H. B. Durham, of Casper, were appointed as receivers and master commissioners to enter upon said premises, operate, manage and control the same, collect the rents, issues, income and profits therefrom, and to perform the other duties as in said judgment and decree set forth, among which was, "to offer said mortgaged premises for sale." The petition herein alleges that the mortgaged premises specifically described as Lot 2 in Block 7 is commonly known as the America Theatre and that the other described lot is commonly known as the Rex Theatre; and they were so referred to in the argument here. The said judgment provided "that the property comprising the America Theatre and the property comprising the Rex Theatre shall be first offered separately and then offered together as one entire property, and shall be sold jointly in case a greater price can be received therefor jointly than the price offered for said property separately."

The court found also by its judgment that the respective properties consisted not only of the realty but of fixtures and personal property, all of which were respectively considered by the court as the "America Theatre and Rex Theatre." And the relators here, the Rex Investment Company, the Nicolaysen Lumber Company and M. J. Gothberg, agreed in open court that all of said properties in said theatres respectively should be included as a part of the security of the mortgages thereon. The court found by its said judgment that there was due, upon the mortgage to Sample covering the America Theatre, $73,303.32, and upon the mortgage to him covering the Rex Theatre the sum of $67,480. That there was due upon the mortgage covering both the America and Rex Theatres held by the relators Nicolaysen Lumber Company and Gothberg, the sum of $31,127.78. That there were taxes due the county from the mortgagor amounting to the sum of $4732.47,

and that there is due from the said mortgagor to other creditors the sum of $30,000 and upwards, and that it was at the date of the commencement of the suit wholly insolvent.

The court found that the said mortgaged property was probably insufficient to discharge the debts secured; that the mortgagor had agreed that a receiver should be appointed; that the mortgagor had threatened to remove a part of the properties described out of the buildings and that an injunction had theretofore been granted and should be continued. It was then ordered and adjudged by the said judgment: That the plaintiff and relators Nicolaysen Lumber Company and Gothberg respectively recover the amounts due them with attorneys fees fixed as to each mortgage and interest at 7% from the date of the judgment. That said Durham and Murane be "and they are hereby appointed" joint receivers of the said property and assets of the defendant mortgagor, comprising the America Theatre and the Rex Theatre, and that on March 9, 1927, upon filing their bond or undertaking herein in such sum as the court on that date shall fix, with sufficient sureties to be approved by the court, such receivers shall immediately enter into and upon the said properties and thereupon use and operate, manage and control the same, collect the rents, issues, income and profits thereof, keep said properties insured against loss by fire, and out of the income from said theatres pay necessary expenses of the operation and conduct of running said theatres, and out of the first proceeds available to pay any insurance premiums which may be due on account of fire insurance and on delinquent taxes. That the said respective mortgages be foreclosed and the property covered thereby be sold at public auction in manner and form as upon the sale of real estate upon execution, and in the manner prescribed by law and according to the practice of the court. That said sale may be made by the Receiv-

ers as Receivers and Master Commissioners, and not nec-
essarily by the sheriff. That the America Theatre and the
Rex Theatre shall be first offered separately, and then of-
fered together as one entire property; and shall be sold
jointly in case a greater price can be received therefor
jointly than the price offered for said properties sepa-
rately. The judgment then proceeded to direct the appli-
cation of the proceeds, which is not material here.

It was further and finally ordered that the Casper Wyo-
ming Theatres Company has no interest whatever in and
to the properties described or the proceeds thereof, and is
therefore excluded from any interest whatsoever therein.
It further appears by the petition for prohibition that the
receivers, in pursuance of the judgment, proceeded to ad-
vertise the mortgaged properties for sale, and on April 23,
1927, at a stated hour, offered the same for sale and sold
the same jointly, and that thereafter the said district
court, upon the report and application of the said Master
Commissioners, entered an order confirming said sale, and
thereby, among other things, ordered the said commission-
ers, upon the expiration of the period of redemption, to
execute and deliver to the said plaintiff Sample, the pur-
chaser, conveyances for said mortgaged premises and to
deliver to said Sample possession thereof. A copy of said
confirming order is embodied at length in the petition
here, whereby it appears that the court had been informed
that the highest offer made for the properties when offered
separately was $40,000 for the Rex and $50,000 for the
America Theatre, and that thereupon the properties were
offered together and said Sample bid therefor the sum of
$152,102.67, which was the highest and best bid, and that
he was thereupon declared to be the purchaser of said
properties for said sum. The confirmation order further
recites that it was made to appear to the court that the
properties had been duly appraised and the appraisement
duly filed with the clerk of the district court within the

time provided by law; that all of said proceedings recited therein were due and regular; that they were fairly conducted and that the sum paid for the property is not disproportionate to its value. Thereupon the clerk was directed to make an entry upon his journal that the court was satisfied with the legality of the sale.

It is further alleged in the petition here that on or about October 10, 1927, the relators Nicolaysen Lumber Company and M. J. Gothberg filed their motion in said foreclosure action praying an order vacating and setting aside the aforesaid judgment and the order of confirmation for the reason that said judgment was void because permitting a joint sale of the mortgaged premises, and that thereupon the said court overruled said motion. That on October 20, the said Rex Investment Company filed in said foreclosure action its motion to vacate and set aside said judgment and decree and said confirmation order upon the same ground, and that its said motion was also overruled and denied. It is further alleged that the two properties aforesaid, America Theatre and Rex Theatre, are non-contiguous; that no part of the America Theatre was security for any of the obligation secured by the mortgage upon the Rex Theatre and no part of the property described as the Rex Theatre was security for any part of the obligation secured by the America Theatre property, but that said mortgages were each securities for separate, distinct obligations.

It was represented at the conclusion of the argument, especially by counsel for the mortgagee Sample, representing also the District Court in this prohibition proceeding, that an early decision is quite necessary to protect the various interests concerned; and it was suggested that such decision might be announced without a written opinion at the time. But we having now come to a conclusion in the cause, only two days after the argument thereof, and, believing it unnecessary for the writing of an ex-

tended opinion, our views on the law of the writ of prohibition having often been stated, we have concluded to dispose of the matters before us upon this application for prohibition by stating in general language, without the review of authorities, our conclusions and the reasons therefor.

Without deciding the principal question presented and discussed by the relators herein, viz: whether the judgment and the confirmation order of the court below, particularly complained of in this proceeding, respectively providing for and confirming the sale en masse of separate premises covered by the two mortgages of the plaintiff in the foreclosure action, which parcels were each and both covered by the second mortgage held by two of the relators herein, the Nicolaysen Lumber Company and M. J. Gothberg, is void because without jurisdiction, upon the ground that the authorization of said sale as one property or en masse; or whether or not that order for the sale or the confirming order was even erroneous; this court is of the opinion:

1. That every judicial act required to accomplish the foreclosure sale of the mortgaged property had been completed prior to the application for the writ of prohibition, leaving as the only thing to be further done, the delivery of the deed or deeds and possession by the officials appointed to conduct the sale; the court by its judgment in said foreclosure action decided everything at issue, it adjudged the amount due upon each mortgage, awarded judgment therefor, and provided for the sale of the mortgaged premises and the disposition of the proceeds thereof, and directed the manner of the sale, and, also, by a later order confirmed the sale upon the due report thereof by the officials appointed to conduct the same, and by said confirmation order directed the delivery of the deed on or before Monday, October 24, 1927, that being the last day

of the redemption period for the relator, the Rex Investment Company, the mortgagor. And the act of said delivery will be merely ministerial and not judicial, and therefore not subject to interference or to be arrested by a writ of prohibition, as held by this court in Dobson v. Westheimer, 5 Wyo. 34, 36 Pac. 626. If we might assume that the principle announced in said case might be subject to exceptions, such as would justify the exercise of the power of the court by writ of prohibition to consider a mere ministerial act in connection with a preceding judicial act in such a way as to undo the latter because without jurisdiction (see State v. District Judge, 30 N. M. 221, 231 Pac. 197; Havemeyer v. Court, 84 Cal. 327, 24 Pac. 121.) the circumstances of the instant case do not, in our opinion, present any unusual or exceptional situation which might properly interfere with the application of the rule announced as aforesaid by this court in said cause.

2. That it has not been satisfactorily shown to us that the remedy by appeal or proceeding in error is inadequate to protect the rights of each of the relators herein; but it appears that the price for which the property was sold upon said foreclosure sale was substantially equal to if not in excess, of the appraised value of the premises, and substantially the amount of the indebtedness due the plaintiff in the foreclosure action, leaving no room for a deficiency judgment, and there does not appear to have been any application for such a judgment; and it also appears that the redemption period has been allowed to expire by the mortgagor without any application to redeem any portion of the property, as well as that the mortgagor relator is insolvent. And, notwithstanding the months intervening between the date of the confirming order, April 28, 1927, and the motion to vacate the same, October 10, the junior lienors failed to show any intention to appeal, so far as appears upon the hearing of this matter. Nor does it appear that they excepted to the order.

3. That the writ of prohibition being a discretionary writ rather than a writ of strict legal or equitable right, the circumstances of the case do not, in the opinion of the court, present a situation rendering it either necessary or proper for the protection of whatever rights may remain to the relators herein, for the exercise of the court's said discretionary power; and the court is unwilling, merely upon the ground of its discretionary authority, to further postpone the right of the plaintiff in the foreclosure action, who was also the successful bidder and purchaser at the foreclosure sale, from receiving the deed and possession to which he became entitled under the judgment of the court on Monday, October 24, 1927; the court preferring to leave the parties where that will leave them, subject to the right of either of the relators to correct the alleged illegal action of the trial court through the appellate remedies or other remedies open to them respectively.

It will be ordered that the motion to quash, vacate and set aside the alternative writ of prohibition herein will therefore be sustained, and the petition for the writ of prohibition dismissed.

*Motion Sustained.*