STATE EX REL. KANE ET AL. v. DOBLER,
JUSTICE OF THE PEACE

(No. 2068; July 12, 1938; 81 Pac. (2d) 300)

*John J. Spriggs* of Lander for appellants.

For the respondent, there was a brief and oral argument by *H. S. Harnsberger* of Lander.

RINER, Justice.

The district court of Fremont County declined to issue a writ of prohibition directed to the respondent George F. Dobler, a justice of the peace of that county having his office in Lander, Wyoming, to restrain him

from issuing execution and enforcing a judgment thereofore entered by said justice against the relators, C. I. Jane and Nina B. Kane. The record made in the district court aforesaid has been brought here by the parties last named as appellants under the direct appeal procedure, and presents as facts material to be considered in its disposition the following:

The Bon Agency, Incorporated, as plaintiff, brought an action against the relators aforesaid upon a promissory note for $140.66, alleged to have been executed and delivered by them to the plaintiff, the proceeding being instituted in the justice court of the justice above named. At the inception of the lawsuit certain property was attached as owned by relators. A few days later a claim of exemption of this property from seizure on execution was filed with the justice in their behalf. On the return day of the summons, April 8, 1937, the relators appeared and filed an answer, together with an affidavit under the provisions of Section 62-501, W. R. S. 1931, asserting "on account of the bias and prejudice of George F. Dobler," the justice aforesaid, they could not receive a "fair and impartial trial in said case." They also paid to the justice the sum of $1.50, as provided by Section 62-502, W. R. S. 1931, for the fee required "when a change of place of trial shall be ordered upon the application of the defendant." A reply was subsequently filed by the plaintiff in the case.

The parties appear to have agreed that another justice, whose office was located at Riverton, some twenty-five miles distant from Lander, should be called in to try the case, which was set for hearing on the 9th of April, 1937, at ten A. M., and he was duly notified of that fact. The Riverton justice thereupon advised the justice at Lander, and through him the relators, that he would come to Lander and preside in the case if his fees, amounting to $10.00, as directed by Section

62-508, W. R. S. 1931, were deposited. The relators seem to have promised that the fees would be forthcoming so that the case might be tried on April 9th, but they were never paid. The parties to the cause were duly advised by Justice Dobler that unless the fees demanded by Justice Spiker, the Riverton officer, were deposited by the time the matter was set for trial that he (Dobler) would himself proceed to hear the case. At the time thus fixed, the required fees not being advanced by relators, they, through their attorney, moved for a continuance of the trial, and in support thereof filed an affidavit, verified by counsel, to the effect that Nina B. Kane, one of the relators, who are husband and wife, was ill. The hearing of the case was thereupon adjourned until one P. M. of April 9th, to enable relators to submit additional evidence in support of their application for continuance. It was not forthcoming, and at that time the motion aforesaid was overruled. Justice Dobler proceeded to try the case and entered a judgment in favor of the plaintiff against the relators, in the sum of $199.35, covering principal, interest and costs due, and ordered that "the court proceed to satisfy said judgment out of the property attached" in the cause.

The case at bar was brought on April 13, 1937, in the district court above mentioned. Upon relators' petition then filed an alternative writ and order was granted directing the respondent to show cause why a peremptory writ of prohibition restraining the issuance of execution upon, and the enforcement of the judgment should not issue. Justice Dobler filed his answer thereto in due course, consisting for the most part of denials of the allegations of relator's petition, a recital of the facts stated hereinabove, and averment of intention to proceed with the enforcement of the judgment, unless relators appealed therefrom or he was restrained from acting thereunder by an order of

the district court. No appeal appears to have been prosecuted from said judgment.

The case was heard by the district court upon testimony and proofs submitted by relators only, respondent introducing none at all, and the disposition of the case heretofore indicated followed.

It is conceded by the relators that the answer of the justice stated all the facts, and thereon it is contended that when the affidavit of prejudice was filed against Justice Dobler, he was entirely disqualified from thereafter trying the case. It is claimed, also, that all the necessary fees were paid when the sum of $1.50 was deposited with the Lander justice. These contentions overlook several controlling matters. As already pointed out, the fee of $1.50 is required when the place of trial is ordered changed. See Section 62-502, W. R. S. 1931, supra. When, however, the place where the hearing is to be had is not changed but another justice is called in to try the case in the stead of the original presiding justice, then Section 62-508, W. R. S. 1931, would appear to govern the fees of the officer thus summoned. That section reads:

"The justice who shall be called to try a proceeding in place of the justice who had original jurisdiction shall, in addition to the fees provided for in the preceding section, be allowed five dollars for each day or part of a day, actually and necessarily spent in trying such case, and ten cents for each mile actually and necessarily traveled in going to and returning from the place of trial from his office, which fees and mileage shall be taxed as costs in the case."

This court will take judicial notice that the distance between Lander and Riverton is approximately twenty-five miles. The parties had agreed, as they were authorized to do under Section 62-506, W. R. S. 1931, that Justice Spiker of Riverton should come to try the case. They were entitled to only one change of justice

under Section 62-505, W. R. S. 1931. Justice Dobler, under the provisions of Section 62-507 retained "full jurisdiction of the case up to the time the justice who is to take his place" appeared. The Lander officer, therefore, had full authority to require that the fees allowed by Section 62-508, supra, should be deposited by ten A. M., April 9, 1937, and the order thus made was a proper one.

In Kennedy v. State Public Utilities Commission, 286 Ill. 490, 122 N. E. 111, it is held:

"Fees for performance of any duty imposed upon a public officer are only authorized where specifically provided for and fixed by statute, but where they are so provided for and fixed the officer is not required to perform the duty until his fees are paid. People v. Rockwell, 2 Scam. 3; People v. Harlow, 29 Ill. 43; Meserve v. Delaney, 112 Ill. 353."

To the same effect are the cases of Smith v. McCandless, 101 Ill. Appeals 143; Bohart v. Anderson, 24 Okla. 82, 103 Pac. 742; Ripley v. Gifford, 11 Iowa 367.

We also find 22 Ruling Case Law 529, Section 222, saying:

"Where there is no statutory provision fixing the time when the fees of an officer are due and demandable but it clearly appears that it was the intention of the lawmakers that he should receive a reasonable compensation, he may charge reasonable fees and may demand their payment in advance before rendering his services."

Additionally, it may be observed that among other provisions Section 62-206, W. R. S. 1931, declares that: "All laws of a general nature are to apply to such justice's court, so far as the same may be applicable, and not inconsistent with the provisions of this chapter." Section 89-1618, W. R. S. 1931, reads in part:

"All fees provided for in this article when due from

any party other than the state or the county, shall be payable in advance, and to the officer or person entitled to the same."

While that "article" would appear to be limited in its scope, nevertheless, upon tracing the course of this section through the preceding compilations of our statutes to the original legislative act (Laws of 1882, Chapter 45, Section 35), it is found to refer directly to the fees prescribed to be charged by justices of the peace. (See Section 11, Chapter 45, Laws of 1882.) While in its original form Section 62-508, supra, was enacted by Laws of 1884, Chapter 51, Section 3, and, of course, subsequently to Section 35, Chapter 45 of the Laws of 1882, aforesaid, we have no doubt the clear policy of the law was intended to be that the fees so provided for should be payable in advance if the justice should see fit so to demand them. A different rule would jeopardize the receipt of his legal fees by such an officer, and would in all likelihood cause him at times personal loss in the performance of his official duty. This consequence we do not think was contemplated by the lawmaking body of either the Territory of Wyoming or this State.

When relators failed to comply with the order of Justice Dobler as to the deposit of the fees legally demanded by the Riverton justice, as above indicated, the jurisdiction of the Lander officer to proceed with the case still continued, and he was authorized to reset and try the case, as he did. It was due solely to the omission of the relators to advance the necessary fees that Justice Spiker did not appear and proceed with the hearing. It would seem, indeed, that relators recognized that Justice Dobler continued to hold jurisdiction over the case inasmuch as they interposed their motion for a continuance of the trial. See Winters v. Allen, 166 Tenn. 281, 62 S. W. (2d) 51. If a different rule were to be regarded as controlling, the conse-

quence would be to put it in the power of litigants in a justice court to file an affidavit of prejudice and then decline to pay the legal fees of the officer summoned to take the place of the presiding justice, and thereby avoid a trial of the case entirely. It results from what we have said, therefore, that the judgment rendered in the action aforesaid was not void. If it were erroneous in any particular the only method of correcting it was by an appeal to the district court where a trial de novo would be had. Prohibition would not be the proper remedy.

But there is another reason why the judgment herein should be affirmed. The judgment in the justice court was entered on April 9, 1935, as stated above. The application for the writ of prohibition was not made until four days later, to-wit, on April 13th. Nothing remained for the justice entering the judgment to do except the mere ministerial act of issuing execution and directing the sale of the attached property.

In Hill v. Wittmeier et al., 209 Ala. 355, 96 So. 327, the opening paragraphs of the opinion read as follows:

"The writ of prohibition is an extraordinary writ, and is only issued when the parties seeking it are without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal.

"In Atkins v. Siddons, 66 Ala. 453, in speaking of this writ, the court said:

" 'It can never be invoked to prevent proceedings which are purely ministerial in their natures, but only those which are of a judicial character. The issue of an execution by a justice of the peace is a ministerial, not a judicial, act; and the writ of prohibition will not, therefore, lie to prevent its issue, however illegal or unauthorized, and whether such process be void or voidable.'

"To like effect, see State ex rel. Turner v. Bradley, 134 Ala. 549, 33 South. 339.

"The petition in the instant case discloses that the foundation therefor rests upon the alleged unlawful

issuance of execution by the respondent Swann, justice of the peace of beat 12, Blount county. The Atkins Case, supra, is directly in point to the effect that such was a ministerial act for the prevention of which the writ of prohibition is inappropriate."

And in Ex parte Braudlacht, 2 Hill (N. Y.) 367, 38 American Dec. 593, Judge Cowen said:

"If all jurisdiction were taken away from the marine court by the certiorari, and the power to issue execution confided by the statutes to the superior court only, then the act of the marine court would be irregular and void; and if it were judicial, prohibition would lie. But it is not judicial; and we might as well be called on to prohibit a sheriff from executing a writ of replevin, because he had not taken a bond. The office of a prohibition is to prevent courts from going beyond their jurisdiction in the exercise of judicial, not ministerial power."

The case of State ex rel. Voight, Jr., v. Lueders, Probate Judge, 101 Ohio State 211, 128 N. E. 70, was one where the relator asked for a writ of prohibition restraining the judge of the probate court from enforcing an execution issued upon a judgment asserted to be void. Holding that prohibition was not the proper remedy, the court said:

"The issuance and placing of the execution in the hands of the sheriff for service was an act of William H. Lueders, not as judge, but as ex officio clerk of the probate court. It was not an act embracing any judicial function, neither did it affect juridically the jurisdiction of the court. The judge issuing this execution was exercising neither judicial nor quasi-judicial power. (State, ex rel., v. Clen Dening et al., 93 Ohio St. 264.) His act was purely clerical and ministerial. The governing principle is stated in 22 Ruling Case Law, page 15: 'Except in those cases where some valid constitutional or statutory enactment declares directly to the contrary, it must appear that the act in question is not ministerial in character. If it is ministerial, the writ cannot be sustained, though the person or tribunal

against which it is sought is a judge or court authorized in proper cases to discharge judicial functions.' "

See also State of Louisiana ex rel. Moses, Lobe & Company v. W. T. Houston, Judge, etc. et al., 35 La. Ann. 236; Harris v. Recorder's Court of City of Calexico, 15 Cal. App. 103, 113 Pac. 687; Ostmann v. Frey et al., 148 Mo. App. 271, 128 S. W. 253; Campbell v. Durand, 39 Utah 118, 115 Pac. 986.

Our own court in Dobson v. Westheimer et al., 5 Wyo. 34, 36 Pac. 626, has dealt with the principle discussed in the above decisions. In that case an action had theretofore been commenced in the district court by the plaintiff, S. Westheimer & Company, and coincident with the filing of the petition therein an order of attachment was obtained against some of the defendants' property. Under subsequent alias orders of attachment other property of the several defendants, Jones and Dobson, was seized. Dobson filed a plea to the jurisdiction of the court over his person and property, which the court overruled. The property thus taken was ordered to be sold in satisfaction of a judgment, which the court rendered on default, no appearance other than the plea aforesaid having been interposed. Dobson then made an original application to this court for a writ of prohibition, in which the plaintiffs aforesaid, the sheriff and the district judge were made respondents, and it was prayed that all the proceedings in the aforesaid action be declared void and the writ of prohibition should issue to prevent all the respondents from proceeding further in said action upon said judgment. But this court denied the writ and dismissed the application, saying in the course of the opinion rendered:

"So it appears that either under the common law or by virtue of a statute the writ will not lie except to prevent the encroachment of jurisdiction by courts, or at the farthest, bodies exercising quasi judicial func-

tions. It cannot be granted for the purpose of arresting proceedings which are purely ministerial in their nature, but only those of a judicial character. 19 Am. & Eng. Cy. of Law, p. 269, and cases cited. It will not lie to an inferior court to restrain the issuing of an execution, for this is a ministerial, not a judicial act. Ex-parte Braudlaucht, 2 Hill, 367; People v. Supervisors of Queens Co., 1 Id., 195, 201. All the proceedings of the lower court have passed to judgment and execution, and the effect of the writ would be to control and arrest the sheriff from selling the property seized in attachment and merged into execution by the order of the court. The judgment was rendered before this application was made, as appears from the petition, and the execution was already directed by the order of the court; hence the only officer to be affected by the application would be the sheriff of Weston county, and as we have already seen, he, as a ministerial officer, can not be arrested in his official action, as his duties are purely ministerial and the writ runs only to arrest judicial proceedings or such as are judicial in their nature."

The later case of State ex rel. Rex. Investment Co. v. District Court, 37 Wyo. 206, 260 Pac. 185, reiterates the ruling of the earlier decision, above reviewed.

We are inclined to think, also, that relators' remedy by appeal from the judgment rendered in the justice court against them was full, adequate and complete, and for that reason, too, the district court was right in denying the writ of prohibition, but it is unnecessary to elaborate our views in this respect. See, however, State v. Morgan, 44 Utah 224, 140 Pac. 218, Annotated Cases 1916D, 1279, and cases cited in appended note; Campbell et al. v. Durand, supra.

The judgment of the district court of Fremont County will therefore be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.