STATE of Wyoming upon the relation of Marvin W. OWEN, and his attorneys, Philip S. Garbutt and Bruce P. Badley, Plaintiffs,

v.

The DISTRICT COURT OF SHERIDAN COUNTY and the Honorable John P. Ilsley, Judge thereof, Defendants.

No. 3308.

Supreme Court of Wyoming.

July 13, 1964.

Philip S. Garbutt and Bruce P. Badley, Sheridan, for plaintiffs.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

 Marvin W. Owen, who was charged with violation of § 14–7, W.S.1957, in that he "did unlawfully take immodest, immoral and indecent liberties" with a thirteen-year-old girl, unsuccessfully sought relief by habeas corpus and has now presented a petition in this court seeking a writ of prohibition against the district judge, requiring him to refrain from further proceedings. The asserted basis for relief is that the criminal statute under which petitioner is charged is so vague and indefinite as to deny due process and be unconstitutional. He seeks to justify the use of the requested right by saying that the trial of the criminal cause would impose a heavy burden on him and that there is no plain or adequate remedy at law available to him in the ordinary course of law. It is unnecessary to consider the question of the statute's validity on any basis since it is elementary that a writ of prohibition will issue only when the party seeking it is without other adequate means of redress for a wrong about to be inflicted by act of an inferior tribunal. State ex rel. Bank of Chadron v. District Court of Weston County, 5 Wyo. 227, 39 P. 749; and see State ex rel. Kane v. Dobler, 53 Wyo. 252, 81 P.2d 300, 117 A.L.R. 1393; 42 Am.Jur. Prohibition § 10; 73 C.J.S. Prohibition § 16. If by attacking a complaint upon constitutional grounds any person charged with a crime were able to cause the supreme court to proceed against the forum of the criminal action, the usual course in the administration of criminal law would be disrupted. No sufficient cause for the issuance has been presented, and the writ must be denied.

Denied.