STATE of Wyoming ex rel. Ricky Lee DOUGHERTY, Petitioner,

v.

Arthur MERRILL, M.D., as Designated Psychiatric Representative of the District Court, First Judicial District, Laramie County, Wyoming, Respondent.

No. 5204.

Supreme Court of Wyoming.

Nov. 9, 1979.

Donald J. Sullivan of Sullivan, Van Court & Ahlstrom, Cheyenne, for petitioner.

---

## ORDER DENYING WRIT OF PROHIBITION

Per Curiam.

Relator, Ricky Lee Dougherty, was charged with felony murder and armed robbery and moved that he was incompetent to stand trial. Pursuant to § 7–11–303, W.S. 1977, the district court suspended further proceedings and ordered a psychiatric examination of the accused. Relator then moved the district court to order the examination limited to the issue of relator's present competence to stand trial. The district court refused and ordered that the examination should include all areas of inquiry mentioned in the above statute. Relator has pursued the matter by filing a Petition for Writ of Prohibition in this court.

Subsection (c)(iv) of § 7–11–303, supra, requires "[a]n opinion as to whether at the time of the alleged criminal conduct the accused, as a result of mental illness or deficiency, lacked substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." Relator has not yet entered a plea and contends that the statute was not intended to—or could not constitutionally—authorize questioning at this time of relator by a psychiatrist concerning the acts with which relator is charged. In essence, relator alleges that he is being forced to defend against the charges in an unconstitutional manner.

It is unnecessary to consider the validity of the district court's order since it is elementary that a writ of prohibition will issue only when the party seeking it is without other adequate means of redress for a wrong about to be inflicted by an inferior tribunal. *State ex rel. Owen v. District Court of Sheridan County, Wyo.,* 393 P.2d 806 (1964), and the authorities cited therein. In *Owen*, we refused to issue a writ of prohibition to accept an interlocutory appeal on the issue of whether the relator could constitutionally be charged with violation of a challenged statute. We held that relator, if convicted, had an adequate remedy in an appeal.

Although the petition in the instant matter alleges that "[n]o appeal in the world could ever undue [sic] the harm which could be done if an interrogation in the suspect area is permitted . . .," the claim is unsupported by authority or argument. A controlling distinction between this petition and the one in *Owen* has not been called to our attention.

IT IS ORDERED that relator's petition be denied.