STATE of Wyoming ex rel. CITIES SERVICE GAS COMPANY, a corporation, Petitioner,

v.

The DISTRICT COURT OF the SECOND JUDICIAL DISTRICT in and for the County of Carbon, State of Wyoming, and the Honorable Robert A. Hill, Judge thereof, Respondents.

No. 5422.

Supreme Court of Wyoming.

April 3, 1981.

Rehearing Denied April 29, 1981.

Richard H. Ruth, Oklahoma City, Okl., and Steve D. Noecker, Johnson, Noecker & Noecker, Rawlins, for petitioner.

Thomas D. Nicholas and Harold Frederick Buck, Hirst & Applegate, Cheyenne, for respondents.

Before ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and JOHNSON, District Judge.

ROONEY, Justice.

Relator petitions for a writ prohibiting respondents from further proceedings in an eminent domain action in which respondents authorized a jury determination of the award as demanded by condemnee Palm Livestock Company (hereinafter referred to as Palm). Palm's jury demand was filed thirty-one days after the court-appointed appraisers had filed their certificate of award. Such demand was served and mailed to the clerk of court within thirty days after such certificate was filed. We

granted an alternate writ of prohibition, and briefs were submitted and oral arguments were made pursuant thereto.

Relator instituted the eminent domain action to acquire a permanent right-of-way easement for a natural gas pipeline over, across and beneath Palm's lands in Carbon County. The matter proceeded in the regular manner pursuant to Rule 71.1, W.R.C.P., to the point whereat the parties would either accept the award of the court-appointed appraisers or would be required to demand a jury for the purpose of making such award.

The appraisers were appointed on July 11, 1980. Their certificate of award was filed on July 28, 1980. Thirty days later, on August 27, 1980, Palm served its jury demand on all parties and mailed the original to the clerk of court. The jury demand was received and filed by the clerk of court on August 28, 1980, thirty-one days after the certificate of award of the appraisers was filed.

Rule 71.1(j), W.R.C.P., provides in pertinent part:

"*Jury trial.*—When an assessment shall have been regularly made by the appraisers, as aforesaid, either party, within thirty (30) days after the filing of the certificate of such assessment, if not satisfied with the award, may demand, and shall be entitled to, a trial by jury in the district court of the issue of just compensation.

"(1) Demand.—Either party may demand a trial by jury in such instances by filing with the clerk of court and by serving upon the other parties in accordance with Rule 5(b) a demand therefor, in writing, within thirty (30) days after the filing of the certificate of assessment by the appraisers."

As we said in *State ex rel. Klopotek v. District Court of Sheridan County*, Wyo., 621 P.2d 223, 227 (1980):

"The object of a writ of prohibition is to restrain the action of inferior courts from acting in excess of their jurisdiction. *State ex rel. Pearson v. Hansen*, Wyo.,

409 P.2d 769 (1966); *State ex rel. Mau v. Ausherman*, 11 Wyo. 410, 72 P. 200 (1903), *rehearing denied* 11 Wyo. 410, 438, 73 P. 548 (1903). As said in *Williams v. Stafford*, Wyo., 589 P.2d 322, 324 (1979):

" ' * * * The function of a writ of prohibition is to prevent action and not to undo that which has already been done. *State ex rel. Powell v. Ilsley,* Wyo., 387 P.2d 676, 677 (1963); and *State ex rel. Mau v. Ausherman*, 11 Wyo. 410, 72 P. 200, 214, *rehearing denied* 73 P. 548 (1902). It is also important to note and emphasize that, other than in exceptional or extraordinary circumstances, the writ of prohibition is only available if the lower court does not have subject-matter jurisdiction or, having such jurisdiction, it exceeds the scope thereof. *State ex rel. Weber v. Municipal Court of the Town of Jackson*, Wyo., 567 P.2d 698, 699 (1977).' "

The district court definitely had jurisdiction over the eminent domain proceedings. Relator questions whether or not the authorization of a jury determination of the award is an action in excess of jurisdiction, but a writ of prohibition will not lie to correct errors in practice or proceedings. *Dobson v. Westheimer*, 5 Wyo. 34, 36 P. 626 (1894); *State ex rel. Mau v. Ausherman*, 11 Wyo. 410, 72 P. 200, *reh. denied* 73 P. 548 (1903). It will lie to prevent action in excess of jurisdiction, but not to prevent erroneous exercise of jurisdiction. *English v. McCrary*, Fla., 348 So.2d 293 (1977).

If the trial court erred in the erroneous exercise of its jurisdiction or in connection with practice or proceedings, corrective action is by means of appeal.

Writs of prohibition are not favored and are issued with caution and are not issued in a doubtful case. *State ex rel. Pearson v. Hansen*, 409 P.2d 769 (1966); *State ex rel. Powell v. Ilsley*, Wyo., 387 P.2d 676 (1963). They will not issue if there is another adequate remedy, such as appeal. *State ex rel. Kane v. Dobler*, 53 Wyo. 252, 81 P.2d 300 (1938); *State ex rel.*

*Richmond v. District Court of Second Judicial District within and for Albany County,* 45 Wyo. 29, 14 P.2d 673 (1932); *State ex rel. Sheehan v. District Court of Fourth Judicial District in and for Johnson County,* Wyo., 426 P.2d 431 (1967).

Until we have provided for an interlocutory appeal and the procedure therefor, questions such as that here presented will be answered only on regular appeal.

Accordingly, an order denying the petition for a writ of prohibition will issue contemporaneously with this opinion.

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION

For the reasons stated in the opinion issued contemporaneously hereunto, it is

ORDERED that the Application for a Writ of Prohibition be, and the same hereby is, denied.