WILLIAM O. DYER *vs.* HELEN KEEFE.

MARCH 10, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review an order of the superior court striking the defendant's written claim of jury trial in the case of William O. Dyer v. Helen Keefe, Law No. 171233. We issued the writ and in compliance therewith the superior court has duly certified all of its records in the case for our inspection.

It appears therefrom that defendant Helen Keefe, on May 21, 1963 prior to the assignment day of the case in the superior court, filed a written claim of jury trial in accordance with G. L. 1956, §9-11-7. June 1, 1963 was assignment day. Thereafter on June 13 plaintiff William O. Dyer moved to strike the claim for the reason that defendant did not give him notice of the filing thereof, which notice he contended was required by rule 7a of the rules of practice and orders of the superior court. The trial justice granted the motion and defendant duly excepted to such ruling.

420

In the instant petition she alleges that he misconstrued rule 7a in holding that it was applicable to a claim of jury trial and that he thereby "unlawfully, arbitrarily and capriciously" deprived her of her constitutional right to a trial by jury. She further alleges in her petition that she is without an adequate remedy except by certiorari to correct this error and prevent grave injustice and hardship being done to her.

The plaintiff denies this latter allegation and contends that certiorari is premature because defendant may have the alleged error reviewed by this court in due course by prosecuting a bill of exceptions. He further argues that certiorari does not lie to correct errors of law but only for the review of the actions of inferior judicial tribunals taken without jurisdiction or in excess thereof.

We do not agree with those contentions. It is true that the primary office of certiorari is of a supervisory nature to keep such tribunals within their jurisdiction. *Gordon* v. *Gordon,* 95 R. I. 299, 186 A.2d 732. However, we have heretofore issued the writ in the exercise of our revisory and appellate jurisdiction to correct alleged errors of law where it appeared that serious hardship was likely to result to the aggrieved party if his only recourse was the normal remedy by appeal or bill of exceptions. *McCoy* v. *Nolan, Atty. Gen. ex rel. Providence Journal Co.,* 74 R. I. 464; *White* v. *White,* 70 R. I. 48; *Brickle* v. *Quinn,* 63 R. I. 120. In our opinion the circumstances here are such that justice requires an immediate determination of the question whether defendant was unlawfully deprived of her constitutional right of trial by jury.

In this state trial by jury is inviolate. The state constitution so declares. Art. I, sec. 15. The right is thus placed absolutely beyond the power of the legislature to alter or abolish it. However, reasonable conditions may be placed upon its exercise. *Mandeville, Brooks & Chaffee* v. *Fritz,*

50 R. I. 513. In that case we held that the condition prescribed in P. L. 1929, chap. 1327, now G. L. 1956, §9-11-7, was reasonable and did not amount to an unconstitutional deprivation of the right. The statute merely provides that the right shall be deemed to be waived if neither party files a written claim for a jury trial before the assignment day of the case.

Although defendant Keefe filed such written claim, plaintiff contended that she nevertheless waived the right because she did not furnish him with a copy of her claim not later than the day of filing. In other words, he takes the position that by the promulgation of rule 7a the superior court in the exercise of its rule-making power added a further condition precedent to plaintiff's exercise of her constitutional right. Such rule, he argues, has the same force and effect as a statute and therefore is as binding upon the defendant as §9-11-7.

There is no controversy here as to that contention insofar as the legal effect of such a rule is concerned, but there is a serious question as to whether rule 7a is applicable to a written claim of jury trial. The defendant argues that the language of the rule does not comprehend such a claim. It is limited, she argues, to the pleadings, motions, etc. specifically enumerated. The pertinent portion of the rule referred to reads as follows:

> "Copies Subsequent to Original Pleading
>
> "When any pleading, motion, bill of particulars, Notice of Intention, Claim of Appeal or other paper is filed in any civil proceeding after the declaration, bill in equity or other original pleading, a copy thereof shall be furnished to the adversary not later than the day of filing in the manner provided for notices by Rule No. 29. Such service shall be deemed complete upon mailing."

The plaintiff replies that the words "or other paper" justify the inclusion of the claim of jury trial among the

other enumerated pleadings. In answer to that contention defendant invokes the canon of ejusdem generis and argues that such general words following as they do specific words of enumeration must be narrowly construed as of like import. Assuming that this is the correct canon of construction, she points out that a claim of jury trial cannot be reasonably classified with the enumerated items.

Aside from the above contention, defendant also takes the position that the language of the rule is too vague and general to justify applying it to effect a further condition precedent to the exercise of her constitutional right in addition to the statutory condition. There is nothing in the statute with reference to giving notice of the filing of the claim. Hence she points out that to interpret rule 7a as the trial justice has done is to go far beyond the reasonable intent of the legislature in providing what was necessary to be done to prevent a waiver of the constitutional right being implied.

The conflicting contentions of the parties open up avenues of investigation but neither party in our opinion has presented reasons upon which we can base a satisfactory solution of the problem. To reach such a solution it seems to us that we must first determine two things. First, what is the nature of the claim of jury trial? Is it a matter of pleading or does it fall within the even broader category of procedure, or is it rather in the realm of substantive law? Secondly, is rule 7a intended to comprehend only matters of pleading and procedure or to reach further and embrace almost anything that the trial justice may be disposed to include under the general words "or other paper" in the rule?

Upon consideration we are clearly of the opinion that the right of trial by jury is in essence a matter of substantive law. It is not related to pleading, practice or procedure as those terms are generally understood. Procedure in-

cludes whatever is embraced by the three technical words "pleading," "evidence" and "practice." 72 C.J.S., Practice, p. 471. It is the machinery for carrying on the suit. Unlike the acts within those categories, the claim of jury trial has nothing to do with the institution, progress or conclusion of the litigation. Rather it has to do solely with the choice of the tribunal which will try and decide the facts. It is therefore not in the nature of a plea, a motion or any other step in procedure but simply the formal assertion of a substantive right guaranteed by the organic law.

The scope of rule 7a may be determined by reference to the enabling act under which the superior court acted in promulgating the rule. G. L. 1956, §8-6-2. That section is entitled "Rules of practice and procedure." It provides: "* * * The superior court, by a majority of its members, may from time to time make and promulgate rules for regulating practice and conducting business therein. Such rules relative to practice and procedure, when effective, shall supersede any statutory regulations with which they conflict." It further provides that in prescribing such rules the court "shall have regard to the simplification of the system of pleading, practice and procedure * * * in order to promote the speedy determination of litigation on the merits."

In our opinion the rule-making power thereby conferred upon the court must be confined to regulating the pleading, practice and procedure therein. It cannot be extended to categories not reasonably comprehended by those terms. Viewed in this light, rule 7a must be construed as applying only to such matters. In other words any general language in that rule must be construed as referring only to matters within the domain of pleading, practice and procedure.

Therefore we are constrained to hold that the trial justice

erred in construing the words "or other paper" to include a written claim of jury trial. By properly construing such words as we have indicated above, there can be no question of the rule being a valid exercise of the rule-making power conferred upon the superior court by §8-6-2. As the rule was construed by the trial justice, however, this would not be so.

The defendant's petition for certiorari is granted, the order of the trial justice is quashed, and the records certified are ordered sent back to the superior court with our decision endorsed thereon.

*Kelleher & Kelleher, Thomas F. Kelleher,* for petitioner.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for respondent.