The STATE of Wyoming ex rel. George O.
PEARSON, Plaintiff,

v.

Clifford P. HANSEN et al., Defendants.

No. 3496.

Supreme Court of Wyoming.

Jan. 14, 1966.

Hickey, Rooney & Walton, Cheyenne, Henry A. Burgess, Sheridan, and Franklin J. Smith, Cheyenne, for plaintiff, in support of the petition.

John F. Raper, Colonel, ARNG, Richard V. Thomas, Captain, ANG, Cheyenne, and George W. Latimer, Salt Lake City, Utah for defendants, in opposition to petition.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

In State ex rel. Pearson v. Hansen, Wyo., 401 P.2d 954, we held that the Governor had exceeded his power in undertaking, under the provisions of § 9–19, W.S.1957, to remove George O. Pearson from the office of Adjutant General of the Wyoming National Guard and that the Wyoming Constitution and the provisions of Title 19, Chapter 2, Wyoming Statutes, 1957, were sufficiently definite and complete to permit the Adjutant General to be removed for cause by court-martial or efficiency board. Thereafter, relator petitioned this court for a writ of prohibition, alleging the filing the court-martial charges and specifications against him and an order purporting to convene a general court-martial for his trial, and asserting its lack of jurisdiction. We found that relator had made no showing of his right to issuance and denied the preliminary writ. Relator now presents a second petition for writ of prohibition, alleging the aforementioned circumstances, the subsequent convening of the court-martial, and the denial of his objection to its jurisdiction by the law officer. He now asserts that for various reasons the court-martial has no jurisdiction of his person or the subject matter and again seeks a writ of prohibition to halt further proceedings. He argues that the trial by court-martial deprives him of his constitutional safeguards, that the Wyoming legislature has not adopted the Uniform Code of Military Justice and that the court-martial consequently lacks jurisdiction to try him on the charges lodged.

 It is elementary that a writ of prohibition is not favored and is issued with caution, State ex rel. Poston v. District Court of Eighth Judicial Dist., Fremont County, 31 Wyo. 413, 227 P. 378, 35 A.L.R. 1082. Further, it is a discretionary writ and not one of right. City of Sheridan v. Cadle, 24 Wyo. 293, 157 P. 892.

 We made it clear in State ex rel. Pearson v. Hansen, supra, that in the light of the Wyoming Constitution the provisions of Title 19, Chapter 2, Wyoming Statutes, 1957, admitted of court-martial procedure against a National Guard officer to retire him for cause and that under the provisions of § 19–28, W.S.1957, which the legislature adopted in 1939, undoubtedly without considering all its ramifications, the provisions of § 9–19 providing for the removal of appointive officers by the Governor were inapplicable to the removal from office of the Adjutant General. From the record, such a removal was in the beginning the sole objective of the executive, and in our view the present Charge VI, relating to conduct of a nature to bring discredit upon the Armed Forces of the State, as such charge is ramified by the three specifications reciting details of offenses, constitutes a proper charge for proceeding with the attempted dismissal of the officer. In that connection, it may be observed generally that an action to remove any person from a position is not dependent upon conviction of the violation of a statute although such conviction may be proof of cause. If charges other than those contained in VI are beyond the jurisdiction of the court-martial or illegal, they are at present merely surplusage and will at the time they are sought to be enforced be properly a subject for determination.

■ We should, perhaps, note that relator's counsel in adverting to § 19–56, W.S. 1957, would seem by emphasizing the word "retired" therein to place some special significance on it. In the light of our interpretation in State ex rel. Pearson v. Hansen, supra, that the removal of the Adjutant General can be accomplished by court-martial, and in view of § 19–58, W.S.1957, which provides that commissions of officers in the National Guard may be vacated pursuant to sentence of a court-martial, which statute must be considered in pari materia with § 19–56, the word "retired" in the connotation used has a meaning other than that often employed in civil life and in the services, and here is interpreted as synonymous with "removed" or "dismissed."

■ The object of a writ of prohibition is to restrain the action of inferior courts in excess of their jurisdiction, State ex rel. Mau v. Ausherman, 11 Wyo. 410, 72 P. 200, 73 P. 548. The defendants urge that the court-martial is not an inferior court, citing various authorities. Any precedents in this regard stem principally from decisions of the United States Supreme Court, dealing with the regular armed services, the conditions of which are entirely dissimilar from those arising in the state militia or national guard. Although some states have adopted the Federal view, there is serious reason to question the basis therefor. See Annotation, 20 L.R.A.N.S. 413. We specifically abstain from deciding the point now since the writ of prohibition should not be issued if there is other adequate means of redress, State ex rel. Bank of Chadron v. District Court of Weston County, 5 Wyo. 227, 39 P. 749; State ex rel. Richmond v. District Court of Second Judicial Dist. Within and For Albany County, 45 Wyo. 29, 14 P.2d 673, which there is in this situation.

■ It may noted in passing also that there would be no occasion for the issuance of other writs at this stage, no situation existing which relates to habeas corpus; certiorari being also a discretionary writ issuable only where there is no other adequate remedy, City of Sheridan v. Cadle, supra; Call v. Town of Afton, 73 Wyo. 271, 278 P.2d 270; and in criminal proceedings, which relator claims are here in issue, injunction being unavailable except where there is an attempt to enforce a law which is unconstitutional and void and the enforcement of it will result in irreparable injury, 4 Pomeroy, Equity Jurisprudence, p. 978 (5 ed.); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322.

The petition for writ of prohibition is denied.

Supplemental statement of Mr. Justice McINTYRE:

Without detracting from my acquiescence in the foregoing per curiam opinion, I want to point out that the resolving of issues in this proceeding—through the briefs of the respective parties—has probably served a useful purpose.

The relator's brief indicates the petition for prohibition was filed primarily because of an apprehension that Pearson would be tried by court-martial for crimes and not merely for removal from office. The defendants' brief, on the other hand, makes it clear the primary objective is to test whether Pearson should be removed from office and not to try him for felonies.

If, judged in the light of our per curiam opinion and the defendants' brief, charges have been made which are surplusage, it must be assumed issues can be properly narrowed in the court-martial proceedings themselves, without interference from our court at this stage.