567 P.2d 698 (1977)
STATE of Wyoming upon the relation of Mark WEBER, Petitioner,
v.
The MUNICIPAL COURT OF the TOWN OF JACKSON and R. E. Stewart, Municipal Judge thereof, Respondent.
No. 4688.
Supreme Court of Wyoming.
July 29, 1977.
Philip Margulies, Margulies & Williams, Jackson, for petitioner.
David K. Larson, Jackson, for the Town of Jackson (submitted on brief without appearance at oral argument).
Before GUTHRIE, C.J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.
THOMAS, Justice.
The Petitioner, Mark Weber, seeks to invoke the original jurisdiction of this Court pursuant to Art. 5, § 3, Constitution of the State of Wyoming, by requesting a writ of prohibition. Weber asks that a Writ of Prohibition be directed to the Municipal Court of the Town of Jackson, Wyoming, and R.E. Stewart, the Municipal Judge, requiring the Court through the Judge to grant him a jury trial on a pending charge of a petty offense in Municipal Court.
According to his petition, on May 28, 1976, Weber was served with a Summons and Complaint by a police officer in Jackson, Wyoming, charging him with resisting an officer in violation of § 9-04-050 of the Jackson Municipal Code. Weber was cited to appear in Municipal Court on June 10, 1976, at 4:00 p.m. Weber through his attorney, immediately requested a jury trial on the charge. In a memorandum directed to Weber's counsel the Municipal Judge advised counsel that he did not intend to impose a jail sentence upon conviction and therefore Weber had no right to a jury in the Municipal Court. The Judge cited Rule 5(d), W.R.Cr.P.J.C. which provides:

*699 "Jury in Municipal Court. There shall be no right to demand a jury trial in municipal courts unless a jail sentence is to be imposed upon conviction; * * *."
The case then was set for trial on July 8, 1976, and the proceedings have been stayed pending disposition of Weber's Petition for Writ of Prohibition.
In his petition Weber contends that the Judge's refusal to allow his action to be tried by a jury:
1. Is unauthorized by law;
2. Constitutes an excess of the Judge's discretion;
3. Is an abuse of the Judge's jurisdiction.
Weber alleges that he has no plain, speedy or adequate remedy by appeal or otherwise. In his supporting memorandum he relies upon ambiguity and vagueness contrary to due process under Art. 1, § 6 of the Constitution of the State of Wyoming. He also complains of a violation of the provisions of Art. 1, § 7 of the Constitution of the State of Wyoming which declares that "Absolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." Weber recognizes and concedes that he is not entitled to a jury trial as a matter of absolute right under the extant interpretations of the Sixth Amendment of the Constitution of the United States. This, of course, is the rule expressed in Shafsky v. City of Casper, Wyo., 487 P.2d 468 (1971) which holds that the rule is the same under the provisions of Art. 1, § 10 of the Constitution of the State of Wyoming.
Weber does claim, however, the benefit of the rules announced in State ex rel. Suchta v. District Court of Sheridan County, 74 Wyo. 48, 283 P.2d 1023 (1955), but this contention does not recognize the effect of the Wyoming Rules of Criminal Procedure for Justice of the Peace Courts and Municipal Courts (W.R.Cr.P.J.C.) upon the statutory scheme which was reviewed and relied upon in that case. Weber invokes Thomas v. Justice Court of Washakie County, Wyo., 538 P.2d 42 (1975) to induce the Court to deal with his right to a jury trial in the Municipal Court on the merits of that question.
From a time early in its history this Court has rather jealously guarded the writ of prohibition. In State ex rel. Bank of Chadron v. District Court, 5 Wyo. 227, 39 P. 749 (1895), the Court limited the utilization of the writ to preventing an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. The writ was said to be appropriate when the court either has no jurisdiction of the subject matter or, having that, exceeds it in some incidental matter or in rendering judgment. The Court said that the writ of prohibition is not a writ of right, but is available in the sound discretion of the court issuing it. It is an extraordinary writ available only when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. Review after the ordinary process of trial and decision in the court below was stated to be better for the orderly administration of justice.
These precepts have been reiterated. In a variety of factual contexts the court has said that the writ of prohibition tests the jurisdiction of the lower court, and is available only if no jurisdiction of the subject matter has been afforded to that court, or if having that subject matter jurisdiction it in some manner exceeds the scope thereof. State ex rel. Sheehan v. District Court of Fourth Judicial District, Wyo., 426 P.2d 431 (1967); State ex rel. Pearson v. Hansen, Wyo., 409 P.2d 769 (1966); Spriggs v. District Court, 76 Wyo. 128, 301 P.2d 550 (1956); State ex rel. Kane v. Dobler, 53 Wyo. 252, 81 P.2d 300 (1938); State ex rel. Richmond v. District Court, 45 Wyo. 29, 14 P.2d 673 (1932); State ex rel. Rex Investment Co. v. District Court, 37 Wyo. 206, 260 P. 185 (1927); Keefe, et al. v. District Court, 16 Wyo. 381, 94 P. 459 (1908); State ex rel. Mau v. Ausherman, 11 Wyo. 410, 72 P. 200 (1903); reh. den., 11 Wyo. 438, 73 P. 548 (1903); Dobson v. Westheimer, 5 Wyo. 34, 36 P. 626 (1894). The writ of prohibition is discretionary and not a matter of right; *700 it is not favored and is issued only with caution; and it is not issued in a doubtful case. State ex rel. Sheehan v. District Court, supra; State ex rel. Pearson v. Hansen, supra; State ex rel. Powell v. Ilsley, Wyo., 387 P.2d 676 (1963); State ex rel. Poston v. District Court, 39 Wyo. 24, 269 P. 35 (1928); State ex rel. Jones v. District Court, et al., 37 Wyo. 516, 263 P. 700 (1928); State ex rel. Rex Investment Co. v. District Court, supra; State ex rel. Poston v. District Court, 31 Wyo. 413, 227 P. 378 (1924); City of Sheridan v. Cadle, 24 Wyo. 293, 157 P. 892 (1916). Even if appropriate under the foregoing tests, a writ of prohibition still is not granted if the petitioner has available some other plain, speedy, and adequate remedy, which normally encompasses review on appeal after trial. State ex rel. Sheehan v. District Court, supra; State ex rel. Pearson v. Hansen, supra; State ex rel. Frederick v. District Court, Wyo., 399 P.2d 583, 12 A.L.R.3d 1 (1965); State ex rel. Owen v. District Court, Wyo., 393 P.2d 806 (1964); State ex rel. Richmond v. District Court, supra; State ex rel. Poston v. District Court, supra; State ex rel. Walls v. District Court, 38 Wyo. 427, 267 P. 1060 (1928); State ex rel. Jones v. District Court, supra; State ex rel. Brainard v. District Court, 34 Wyo. 288, 243 P. 123 (1926); State ex rel. Mau v. Ausherman, supra; State ex rel. Bank of Chadron v. District Court, supra.
In a limited number of instances this Court has recognized that exceptional or extraordinary circumstances may justify the issuance of the writ of prohibition. Thomas v. Justice Court, supra; State ex rel. Sheehan v. District Court, supra; State ex rel. Suchta v. District Court, supra. In State ex rel. Sheehan v. District Court, supra, however, the Court noted that the right of appeal from final orders and judgments is usually an adequate remedy, especially if there is no showing of harassment or that undue hardship would result, or that no apparent cause of action has been asserted. One of the reasons the issuance of the writ of prohibition is closely guarded is that it does result in a disruption of the usual course of legal proceedings. State ex rel. Sheehan v. District Court, supra; State ex rel. Owen v. District Court, supra; State ex rel. Bank of Chadron v. District Court, supra. In the Bank of Chadron case the Court particularly advised that a mistaken exercise of jurisdiction or of its acknowledged powers by an inferior court will not justify resort to the extraordinary remedy of prohibition. It went on to point out that an error or mistake in practice affords no foundation for the writ unless indeed it involves the doing of something which is contrary to the laws of the land. To the same effect is State ex rel. Mau v. Ausherman, supra.
Comparing Weber's Petition for Writ of Prohibition to these standards, no complaint is made that the Municipal Court of the Town of Jackson is without jurisdiction over the subject matter of the charge against Weber. Weber recognizes that he does not have an absolute right to a jury trial for this petty offense. The essence of his complaint is that under the language of Rule 5(d), W.R.Cr.P.J.C., he could not be sentenced to jail upon conviction unless he had been tried by a jury. He complains, therefore, that the denial of a jury trial represents a prejudgment of his cause by the Judge of the Municipal Court. He does not deal with the alternative possibility that it represents nothing more than circumscription by the Judge of the authority otherwise available to him to impose a jail sentence.
Weber here seeks to test the constitutionality of the procedure presented by Rule 5(d), W.R.Cr.P.J.C. without demonstrating any effect of such a procedure upon the jurisdiction of the municipal court. His contention is nothing more than an argument that the municipal court was pursuing an erroneous course of action, not that it was engaged in any sort of proceeding over which it did not have jurisdiction. The authorities cited above make it clear that Weber has not been able to show a lack of jurisdiction over his person or a lack of jurisdiction over the subject matter, nor has he been able to show any extraordinary circumstances rendering the usual and ordinary *701 processes of law inadequate. State ex rel. Sheehan v. District Court, supra. Consequently, the Petition for Writ of Prohibition must be denied in accordance with the foregoing authorities.
McCLINTOCK, Justice, dissenting.
Because of my conviction that rules which we have adopted are constitutionally improper and declarations to that effect would result in the re-establishment of the statutory scheme relating to jury trials, so that no jury trial is permissible in the magistrate court, I would deny the petition upon its merits but would not dismiss the petition. Its denial, accompanied by declarations invalidating our rules, would in my opinion give to the petitioner all relief to which he is entitled.
I do not look upon the writ of prohibition as a tool to suggest legal error in the judgments or rulings of a trial court, entered in the exercise of its proper jurisdiction. I concede with the majority that the main purpose of this writ is to prevent exercise of a jurisdiction that is entirely lacking or the commission of acts that are in excess of that jurisdiction. I do not consider that an absolute right of trial by jury is guaranteed by either the due process clause of the Federal Constitution or by Article 1, § 10 of our own Constitution. But I do conceive it to be good law that any accused has a constitutional right to be charged and tried in accordance with applicable and valid statutes or rules. To me that represents due process of law. As said in 16 Am.Jur.2d Constitutional Law § 572, p. 977, "The requirement of due process is met if the trial is had according to the settled course of judicial proceedings, by a court of justice having jurisdiction." In Thomas v. Justice Court of Washakie County, Wyoming, 538 P.2d 42, 44 (Wyo. 1975), four members of this court took it to be the law that "where a court proceeds in an unconstitutional manner the effect thereof is to destroy the jurisdiction of the court" and that if the justice court was there "proceeding in an unconstitutional manner so as to deny petitioner due process of law it would be a proper case for prohibition, provided that there is no plain, speedy, and adequate remedy in the ordinary course of law." Miskimmins v. Shaver, 8 Wyo. 392, 58 P. 411 (1899) is cited as authority for this proposition. In Thomas the petitioner asserted a constitutional right to demand that a lawyer-justice of the peace preside at her preliminary hearing. While we denied the petition for writ, with Mr. Justice Rose dissenting to such denial, our action was a denial upon the merits of the cause, and not a dismissal for want of a justiciable application.
The point I wish to make, relying on Thomas and Miskimmins, is that whether or not Rule 5(d) is to be considered as having been validly enacted in the exercise of our rule-making power the magistrate acted in excess of his jurisdiction in refusing to be bound by that rule. If the rule is valid, his denial of jury trial resulted in an unconstitutional and therefore nonjurisdictional proceeding which should be prevented. If the rule is invalid, that is not a decision for the magistrate and only this court can make that determination. While I make no claim that in the absence of statute or rule granting such right to trial by jury upon the charges in this case there nevertheless exists a constitutional right thereto, I do say that there is a constitutional right to be tried according to the usual standards and with the same privileges to this defendant as are given to others. It is not denied that Rule 5(d), W.R.Cr.P.J.C. provides "[t]hat there shall be no right to demand a jury trial in municipal courts unless a jail sentence is to be imposed upon conviction * * *." Relator in this case demanded such a jury; the respondent advised in advance of the trial that he did not intend to impose a jail sentence and therefore rejected his demand for jury. While the italicized language of the rule may be somewhat unfortunate (an oversight for which I am willing along with other members of the court to assume full responsibility) I think it would be a ridiculous construction of this rule to say that it leaves it to the whim or caprice of the presiding magistrate, in advance of trial, without hearing evidence as *702 to the nature of the offense, and without knowledge of the facts and circumstances bearing upon the sentence that should be imposed, to decide that no jail sentence is to be imposed. I believe it to be the legislative intent in enacting any statute or ordinance with provision for a jail sentence as a possible punishment for violation, that the discretion whether to impose or not to impose jail sentence should be exercised by the magistrate only after full enlightenment as to the nature of the offense and consideration of all the pros and cons for and against jail sentence. It is a judicial discretion that he is to exercise based upon the particular facts of the particular case after the defendant has been found guilty. Therefore, I can only construe the rule as providing for a jury trial in those cases where under the applicable statute or ordinance defining the offense a jail sentence is permissible.[1]
It therefore follows, I think, that when the magistrate interpreted the rule as giving him the authority to determine in advance of trial that no jail sentence would be imposed, however worthy his motives might have been, he was denying Weber the right of trial according to established standards. He was therefore proceeding in an unconstitutional manner, in that he was by arbitrary action depriving defendant of a legal right granted him by appropriate legislation, in this case the rule adopted by this court as applicable to all situations. A magistrate, proceeding in violation of duly enacted statutes, ordinances or rules is under Thomas and Miskimmins proceeding without or in excess of his jurisdiction and therefore prohibition is proper.
This is the basis of Knight v. Superior Court in and for Los Angeles County, 95 Cal. App.2d 838, 214 P.2d 21 (1950) where in a competency hearing the superior court was proceeding to try the matter without a jury as demanded in behalf of the alleged incompetent. California cases had held that denial of a jury trial did not amount to action in excess of jurisdiction. Error in such denial was held correctible by appeal. The court said, however (214 P.2d at 22-23):
"In view of the constitutional right of every citizen to a trial by jury in a proper case, the rule should be re-examined. * * * It is our view that any court which denies the right of trial by jury in a case where any party has the constitutional right to it exceed[s] its jurisdiction."
A peremptory writ was therefore issued prohibiting the superior court from proceeding in the matter other than by trial with a jury. Although I have found no decision of the Supreme Court of California declaring this rule, I have also been unable to find any decision of that court rejecting the principle, and decisions of the district courts of appeals continue to announce it. See Turlock Golf & Country Club v. Superior Court, 240 Cal. App.2d 693, 50 Cal. Rptr. 70, 71 (1966) and cases cited. The Supreme Court of Montana considers that while the authorities are not uniform, the better view seems to be that "where either the Constitution or statute gives the right to a trial by jury," and such trial is denied, "the jury constitutes an essential part of the tribunal authorized to determine the facts, and that the court in attempting to determine the facts without a jury exceeds its jurisdiction." Application of Banschbach, 133 Mont. 312, 323 P.2d 1112, 1113 (1958). In Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P.2d 479, 481, 16 A.L.R.3d 1362 (1966), the Supreme Court of Arizona takes the same view, and says:
"* * * Courts favoring this remedy reason that an appeal from the final judgment is not adequate because an appeal will subject the party to the expense and harassment of a trial which may be futile if the appellate court subsequently determines that a jury trial was improperly denied. * * *"
*703 To the same effect is Farmer v. Loofbourrow, 75 Idaho 88, 267 P.2d 113, 114, 41 A.L.R.2d 774 (1954).
The logical merit of these holdings appears clear to me. The "proper case" requirement of Knight is satisfied by the grant of jury trial in Rule 5(d). The constitutional right involved is the right to be tried as the regularly enacted statutes and rules of court require. That constitutional right has been denied by the magistrate through improper interpretation of the rule and the question occurs as to why, if we may ultimately hold that Weber was entitled to a jury in his police court trial (the only place where under our rules he may have such a trial) we should impose upon him the burden of going through a trial in police court without a jury, take an appeal to the district court of Teton County, Wyoming, without a jury, and thence to this court. Moreover, it seems to me that the question is of sufficient importance and has such impact upon the trial of other cases in the municipal courts throughout the state, that it should be decided promptly. The exigencies which are pointed out in Thomas as justifying consideration of the petition, even though the same was denied, are present in this case. I would hold that the remedy by appeal is on its face not an adequate and speedy remedy. The petition then sets forth a good and valid case for issuance of a writ of prohibition and we should take jurisdiction to consider the application for the writ upon its merits.
However, I agree with my Brother Rose that adoption of Rule 5(d) represented an invasion by this court into the field of substantive law. I agree with both his reasoning and the authorities cited that the matter cannot be considered a mere matter of procedure. What we have done is to legislate a right of trial by jury in the police court and take away the statutory right, as held in State ex rel. Suchta v. District Court, 74 Wyo. 48, 283 P.2d 1023 (1955) to have a jury trial in the district court. This, I think, was erroneous. If we have improperly legislated in a field of substantive law, then I think that we should declare our rule improper, vacate the same, as well as any accompanying rules that are pertinent, and permit the minor courts to proceed in a manner that is in keeping with legislation which we have attempted to override.
I do not see why, if constitutional right to trial in accordance with legal procedures is involved, and having taken jurisdiction of the application for prohibition on the ground that constitutional procedures are involved, we may not deny the writ but at the same time make proper declarations that will permit a constitutionally permissible procedure. I conclude, therefore, that while the writ of prohibition should not be issued in this case we should declare that our Rule 5(d), insofar as it purports to grant a right of trial by jury in the municipal court, and Rule 23(a), insofar as it denies the previously statutorily granted right to trial de novo and by jury in the district court upon appeal from the conviction in the municipal court, are null and void. It would further be declared that any purported repeal of statutory provisions applicable to trial of municipal court cases and the appeal thereof is likewise ineffectual, thereby reinstating the statutory procedure as the proper one. I would deny the writ but, having taken jurisdiction of the case for the purpose of considering the propriety thereof, would consider the constitutional questions admittedly raised sua sponte but in an attempt to give full and proper relief to the petitioner, so that full relief can be granted.
ROSE, Justice, dissenting.
In dissenting from the majority, I concur with my Brother McClintock's dissent and add these thoughts and observations of my own:
A careful reading of the majority opinion leads inevitably to the conclusion that it holds State ex rel. Suchta v. District Court of Sheridan County, 74 Wyo. 48, 283 P.2d 1023, discussed infra, to not be decisive of the issues here for the reason that the minor court rules have superseded the statutes under which Suchta was decided. Accordingly, as I understand the majority, Suchta is overruled insofar as that opinion holds a *704 municipal-court appellant to be entitled to a jury trial at the district court level. The majority says this:
"Weber does claim, however, the benefit of the rules announced in State ex rel. Suchta v. District Court of Sheridan County, 74 Wyo. 48, 283 P.2d 1023 (1955), but this contention does not recognize the effect of the Wyoming Rules of Criminal Procedure for Justice of the Peace Courts and Municipal Courts (W.R.Cr.P.J.C.) upon the statutory scheme which was reviewed and relied upon in that case... ."
I assume the court to be saying, through the message of this quoted material, the following:

Except for the Wyoming Rules of Criminal Procedure for Justice of the Peace and Municipal Courts, the statutes under which Suchta was decided would apply and the rule of Suchta would control, which would mean that upon conviction in municipal court the defendant would have a right to trial de novo and/or a jury trial in district court, all without regard to whether his penalty were to affect his personal liberty.
To put it another way, I read the majority opinion to say:
Mr. Weber  you are in error when you rely upon our decision in State ex rel. Suchta v. District Court, supra, because you seem to have overlooked the fact that the W.R.Cr.P.J.C. have superseded the rule of that opinion and the statutes under which it was decided.
In holding the W.R.Cr.P.J.C. to have overruled or superseded the Suchta decision and the statutes according to which that case was decided, we have, in my judgment, committed the sin of denying a municipal-court defendant his statutorily guaranteed substantive jury-trial right at the appellate level through an unauthorized exercise of our procedural rule-making powers. (See Rule 23(a), W.R.Cr.P.J.C., discussed later herein.) At the same time we have abortively undertaken to grant the municipal-court defendant a municipal-court jury trial by authority of Rule 5(d), W.R.Cr.P.J.C.[1] Such right is expressly forbidden by § 5-130, W.S. 1957.[2] By tampering with jury-trial rights, we have, in my conception of the matter, undertaken to perform a substantive function when this court's only jurisdiction in this area, under its statutory rule-making powers, is to exercise superintending control of the procedural affairs of the various courts of the state.
Article 5, Section 2, of the Wyoming Constitution, provides:
"The supreme court ... shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." [Emphasis supplied]
Section 5-18, W.S. 1957, provides that this court may adopt general rules governing

*705 "pleading, practice and procedure, in all courts of this state, ..." [Emphasis supplied]
Section 5-19, W.S. 1957, provides that
"[s]uch rules (as conceived of in § 5-18, supra) shall neither abridge, enlarge nor modify the substantive rights of any person ... ." [Emphasis and parenthetical matter supplied]
In direct contradiction to these directives that this court will exercise "superintending control" over the matters of procedure, we have denied municipal-court appellants their substantive right to a jury trial at the district court level through the adoption of Rule 23(a), W.R.Cr.P.J.C., which provides:
"On the Record; No Trial De Novo... . No trial anew in the district court is provided, and all appeals shall be tried on questions of law." [Emphasis supplied]
The Wyoming Constitution guarantees that the right to a jury trial shall remain inviolate in criminal cases.[3] "Criminal cases," as used in Article 1, Section 9, has been held by this court, in interpreting § 5-136, W.S. 1957,[4] to include cases originating in municipal court. The statutes of this state (§ 5-136, W.S. 1957) provide that appeals from municipal-court criminal cases will be taken to the district court in the same manner as criminal cases taken from the justice court. (See Note 4). Criminal cases appealed from the justice courts are to be tried anew. (See Note 4, § 7-488, W.S. 1957.) The word "trial" in § 7-488, W.S. 1957, means "jury trial." (Note 4, supra) Shafsky v. City of Casper, Wyo., 487 P.2d 468, 470.
In State ex rel. Suchta v. District Court of Sheridan County, 74 Wyo. 48, 283 P.2d 1023, 1024-1025, we held that the rights granted under § 5-136, supra Note 4, were rights to a trial de novo and/or jury trial for every defendant who properly appealed *706 his case from the municipal to the district court. This, of course, included appeals where only fines had been or were to be imposed, such as the case at Bar. We said:
"By the term `criminal cases' is obviously meant criminal cases under the laws of the state  cases in violation of the laws of the state. 10 Words and Phrases, p. 484 et seq. In other words, when a case of violation of an ordinance reaches the district court on appeal, the violation of such ordinance is, in the eyes of the law, considered to be on the same footing as a crime under the criminal laws of the state, and must, under the foregoing statute, be tried in the same manner. Now trials under the criminal law of this state are jury trials. That is true not only when the case originates in the district court, but also when it originates in a justice court and is then appealed, for on the appeal the trial is de novo, § 15-207, W.C.S. 1945, and that term means (unless otherwise specified) that it is on the same footing as though it had originated in the district court. Doster v. State, 195 Tenn. 535, 260 S.W.2d 279; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692; In re Farlin, 350 Ill. App. 328, 112 N.E.2d 736; Karcher v. Green, 8 Houst., Del., 163, 32 A. 225; Reck v. Reck, Ohio App., 46 N.E.2d 429, 430; 12 Words and Phrases, De Novo, p. 107 et seq. In fact § 10-1101, W.C.S. 1945, seems to be all inclusive when it provides: `In all criminal cases the jury summoned and impaneled according to the laws in force, relating to the summoning or impaneling of juries in other cases, shall try the accused.' We find no qualifying exception in our statutes." [Emphasis supplied]
Therefore, we held, under statutes existing when Suchta was decided and which have never been repealed by the legislature, that cases upon appeal from municipal courts to district courts are to be tried de novo with the constitutional and statutory right to trial by jury inviolate, intact and automatic. This would mean that under applicable statutes and contrary to Rule 23(a), supra, and in the event Mr. Weber were to appeal to the district court from the municipal judge's adverse decision, his case would be tried anew and to a jury if demanded.
We affirmed this concept in Cisneros v. City of Casper, Wyo., 479 P.2d 198, 200, when we said:
"Under the provisions of the statute [Section 7-488, W.S. 1957] on an appeal from a judgment of a police court to the district court, the cause stands for trial anew... ." [Bracketed matter supplied from footnote in text.]
It is my judgment, then, that we have, all in conflict with the constitution, the statutes and the case law, adopted the above-mentioned minor court rules which deny the municipal-court defendants' trial by jury at any stage in the proceedings where there is to be only a fine in the municipal court. (Rules 23(a) and 5(d), supra) Further, through the enactment of Rule 5(d) (Note 1), we have wrongfully given him a rule-made right of trial by jury in municipal court when this right is specifically denied by statute. (See § 5-130, W.S. 1957, Note 2.) In effectuating these rules which undertake to grant and deny municipal-court defendants jury trials, in opposition to the applicable statutory provisions, we have, in my judgment, acted in excess of our procedural rule-making powers and, therefore, in excess of our jurisdictional authority.

PROCEDURAL OR SUBSTANTIVE
The inquiry should properly be resolved in the last analysis by deciding whether or not the issues with which we are concerned present problems of procedural law  or substantive law. If the rules and statutes are in conflict and the rules purport to repeal ["supersede"][5] the statutes, this can only be accomplished, in my view at least, if the jury-trial rights guaranteed by the constitution and statute are of a procedural rather than a substantive nature. State v. *707 District Court, Wyo., 399 P.2d 583. See Article 5, Section 2, Constitution of Wyoming, discussed infra. See §§ 5-18 and 5-19, W.S. 1957, relating rule-making powers exclusively to procedural matters, also discussed infra.
In State v. District Court, supra, when contemplating the same problem in circumstances where the Wyoming Rules of Civil Procedure were charged with being in conflict with statutes pertaining to the giving of notice of jury demand, we distinguished between substantive and procedural law when we said, at 399 P.2d, page 585:
"Distinction between procedure and substance has not always been easy, as is amply demonstrated in Federal cases where the court was exercising jurisdiction solely because of the diversity of citizenship of the parties. 1 Barron and Holtzoff, Federal Practice and Procedure, §§ 8 and 138 (1960); 35A C.J.S. Federal Civil Procedure § 25. This is true in other fields, 52 C.J.S. Law, p. 1026; 1 C.J.S. Adjective Law, p. 1468. However, as bears upon matters such as the one before us, the statement in Kellman v. Stoltz, N.D.Iowa, 1 F.R.D. 726, 728, is significant:
"`* * * It may * * * be assumed that the term "substantive law" is not mathematically exact, but as respects both the terms "procedure" and "substantive law" there is a possible twilight zone. Examination of many authorities leads me to conclude that substantive law as constitutionally, legislatively and judicially recognized, includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property, and quite generally as fixing the type of remedy available in case of invasions of those rights. As to the term "procedure", I conceive it to include those rules and forms applicable in the administration of the remedies available in cases of invasion of primary rights of individuals in Courts or other lawfully constituted tribunals and agencies. Such rules include both pleading and practice, including all rules and forms which govern the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution. * * *'
Briefer definitions will perhaps suffice for our purposes here:
"`* * * The substantive law is that part which creates, defines, and regulates rights as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion. * * *' Mix v. Board of Com'rs of Nez Perce County, 18 Idaho 695, 112 P. 215, 220. `Courts generally agree in defining the terms "substantive" and "adjective" that "substantive" law creates, defines, and regulates rights as opposed to "adjective" or "procedural" law which provides the method of enforcing and protecting such duties, rights, and obligations as are created by substantive laws. * * *' In re McCombs' Estate, Ohio Prob., 80 N.E.2d 573, 586.
More specific to the present question, the court said in Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686, 689, that `procedure' is the machinery for carrying on the suit, including pleading, process, evidence, and practice, and held that a statute relating to the proper method of obtaining jurisdiction in respective instances was a part of the law of procedure and not of substantive law. Similarly, in the case before us, the question of the requirement of serving upon the other parties a demand for a trial by jury is one of procedure and is governed by the rules."
In Dyer v. Keefe, 97 R.I. 418, 198 A.2d 159, the Supreme Court of Rhode Island was concerned with a proceeding on a writ of certiorari to review an order of the Superior Court striking a claim of jury trial. In holding that a right of jury trial, being inviolate under the constitution, was beyond the power of the legislature to abolish, the court, while granting that reasonable conditions could be placed upon its exercise, held the right to trial by jury to be a *708 question of substantive rather than procedural law. Procedural law, the court said, is those things embraced by "pleading," "evidence" and "practice."[6] It is the machinery for carrying on the suit. The court said:
"... Unlike the acts within those categories, the claim of jury trial has nothing to do with the institution, progress or conclusion of the litigation. Rather it has to do solely with the choice of the tribunal which will try and decide the facts. It is therefore not in the nature of a plea, a motion or any other step in procedure but simply the formal assertion of a substantive right guaranteed by organic law." Ibid., pp. 161-162. [Emphasis supplied]
In Cleveland Ry. Co. v. Halliday, 127 Ohio St. 278, 188 N.E. 1, 2, the rules of court provided for less than a 12-man jury while the statute provided that jury trials would be held with a jury of 12. The trial court permitted the case to be tried under the rules rather than the statute. The appellate court reversed and the supreme court sustained the appellate court, saying:
"The question here presented is whether a rule of court as to waiver of jury trial prevails over a valid statutory enactment upon that subject. This question requires the consideration of the scope of the rule-making power of the court. As held both by this court and by other courts of last resort throughout the country, aside from common-law or statutory grant, the power to make rules of procedure is inherent in the judicial department. (with citations)." Ibid., p. 2.
Referring to an Ohio statute similar to our §§ 5-18 and 5-19, W.S. 1957, supra, the Ohio Supreme Court then said:
"This statute relates in its specific terms to rules dealing with procedural matters and the business of the courts. The rule-making power also extends to procedural matters only ... But the right to a jury trial does not involve merely a question of procedure. The right to jury trial derives from Magna Charta. It is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege. Martin v. Windsor Hotel Co. [10 Hun 304], 70 N.Y. 101. Hence section 1558 does not authorize a rule of court defining waiver of trial by jury in courts of common pleas... . Ibid., p. 3.
* * * * * *
"We are conscious of the practical exigencies which led the court of common pleas of Cuyahoga county to promulgate the rule in question. No criticism is made of its motives, but holding as we do that trial by jury is a substantial right, and not a procedural matter, holding as we do that the statute has specifically outlined the way in which a jury may be waived, we are compelled to rule that this rule of court is invalid. It conflicts with general law, and it is not authorized under the rule-making power." Ibid., p. 3.
In Hardamon v. Municipal Court in and for City of Boulder, 178 Colo. 271, 497 P.2d 1000, the accused brought mandamus class action seeking to stay prosecution in municipal court for a traffic offense and to compel the municipal court to grant him and others of his class a jury trial. The district court of Boulder County dismissed and the accused appealed. The supreme court held that legislature's grant of jury trial in petty-offense cases involved substantive matter of statewide rather than local concern; thus, the accused was entitled to a jury trial even though such right had been expressly denied by home-rule charter.
The supreme court said, at 497 P.2d 1001-1002:
"Thus, we have squarely presented to us for resolution the question of whether, in cases involving petty offenses, there is *709 a right to a jury trial under Session Laws of Colorado 1970, Chapter 44, in a municipal court of a home rule city whose city charter has expressly denied such right. In other words, is the granting of a jury trial in petty offense cases a matter of statewide concern, or a matter of local and municipal concern the control of which falls within the domain of a home rule city under the authority granted by Article XX of the Colorado Constitution? We disagree with the trial court's judgment that the matter is one of local and municipal concern, and therefore reverse."
The court went on to say of Article XX of the Colorado Constitution:
"... This section empowers home rule cities to legislate upon, provide, regulate, conduct and control the creation of their municipal courts, the definition and regulation of the jurisdiction of the courts, the powers and duties thereof, and the election or appointment of court officers. This constitutional authority, broad as it is concerning the creation, organization and administration of municipal courts, is limited in scope to those aspects of court organization and operation which are local and municipal in nature and does not empower home rule cities to deny substantive rights conferred upon all of the citizens of the state by the general assembly.
* * * * * *
"... We simply say that the vitality of a substantive right, such as the right to a jury trial, conferred upon all of the citizens of the state by the legislature, should not depend upon the court in which the citizen attempts to exercise it ...
* * * * * *
"The trial court in its findings, in addition to holding the granting of a jury trial a matter of local or municipal concern, found that the matter of jury trials was one of practice and procedure and that under the Colorado Constitution, Article III, relating to the division of powers, only the judiciary and not the general assembly could control the right to jury trials; and for the general assembly to legislate in the field of court practice and procedure would be a violation of Article III. We reject this reasoning, having held the right to a jury to be substantive and not procedural." [Emphasis supplied]
These concepts expressed by the Ohio, Rhode Island and Colorado Supreme Courts square in all respects with the definitions of substantive and procedural law as adopted by this court in State v. District Court, supra.
It is undeniably the law that court rule-making is a procedural grant of authority. Rights to a jury trial are matters of substantive law. Courts cannot lawfully exercise their rule-making powers in a manner which will deny defendants in Wyoming municipal courts their rights to jury trial upon appeal to the district courts.
I would conclude with these observations:
As can be seen, I do not consider the great concern in this proceeding to be whether or not the petition for a writ of prohibition is granted or denied  whether or not it is dismissed or not dismissed. I see the larger issue to be centered in the fact that the majority of the court insists that the quoted language in paragraph two of the first page of this dissent must remain in the opinion. To me, this imparts a dangerous and improper usurpation of judicial power. That paragraph says  I believe  that this court can, through its rule-making authority  deny the citizens of this state a jury trial even though guaranteed by statute. Jury-trial rights are substantive. We have no authority to tamper with the substantive law through our rule-making authority.
I see the majority opinion as an extension of the philosophy expressed in Allen v. Allen, Wyo., 550 P.2d 1137, at 1142, where the majority decided the appeal upon an issue not raised by the parties and said:
"We are not a bit concerned that the matter of judicial estoppel was not raised in the lower court or argued by either of *710 the parties. This court has general superintending control over all the courts of the state and the Wyoming judicial system in general. It is our duty to protect its integrity and prohibit dealing lightly with its proceedings. We are at liberty to decide a case upon any point which in our opinion the ends of justice require, particularly on a point so fundamental that we must take cognizance of it." [Footnote omitted]
I see it as asserting the same type of unbridled prerogatives as the majority of this court exercised in Richmond v. State, Wyo., 554 P.2d 1217, where the defendant had preserved his federal constitutional grounds for appeal and we out-of-hand rejected his right to appeal an alleged error which the appellant charged to be in violation of rights guaranteed to him by the Constitution of the United States.
I cannot subscribe to this trend which I read to be an improper, unauthorized and wrongful exercise of the power of the judiciary.
Here, as I see it, we have withdrawn a defendant's statutorily guaranteed right to a trial by jury by wrongfully asserting our procedural rule-making power. I agree with Justice McClintock that this court lacks the jurisdiction to deny defendant Weber his right to trial by jury  the statutes pertaining to the subject being what they are.
I would have reached the same result as suggested by Justice McClintock while at the same time deleting the paragraph of the majority opinion with which this dissent is concerned. Lastly, I would urge this court to vacate the objectionable minor court rules so that municipal-court defendants' jury-trial rights would thereby be unquestionably preserved according to and under the appropriate existing statutory provisions.
NOTES
[1] In Hecht v. Carey, 13 Wyo. 154, 162, 78 P. 705, 707 (1904), this court said that interpretation of a statute which involves absurd consequences should be avoided. In Ramsay Motor Co. v. Wilson, 47 Wyo. 54, 65, 30 P.2d 482, 485 (1934) it is said that the legislature will be assumed to legislate only what is reasonable and just. Can we say that in enacting this rule we were not equally concerned with establishing a reasonable and just procedure?
[1] Rule 5(d), W.R.Cr.P.J.C., provides:

"(d) Jury in Municipal Court. There shall be no right to demand a jury trial in municipal courts unless a jail sentence is to be imposed upon conviction; but in all other respects, except as otherwise provided, the trial shall be conducted in like manner as criminal cases are tried before justices of the peace." [Emphasis supplied]
As a parenthetical matter, I would suggest that a municipal judge could not  under any circumstances  presentence Weber. There is no logic conceivable by which a judge could decide that a defendant will not go to jail prior to hearing the evidence. This would make his decision-making a hollow mockery. Additionally, Rule 18, W.R.Cr.P.J.C., entitled "SENTENCE AND JUDGMENT," provides:
"(a) Imposition of Sentence. After conviction or a plea of guilty, sentence shall be imposed without unnecessary delay. Pending sentence the justice may commit the defendant or continue or alter the bail. Before imposing sentence the justice shall afford counsel an opportunity to speak and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of the punishment." [Emphasis supplied]
[2] Section 5-130, W.S. 1957, provides:

"Cases in police court tried without jury; trial conducted as in criminal cases before justices of the peace.  Cases in the police court for violations of city ordinances shall be tried and determined by the police justice without the intervention of a jury. .. ."
[3] Article 1, Section 9, of the Wyoming Constitution provides:

"Trial by jury inviolate.  The right of trial by jury shall remain inviolate in criminal cases, but a jury in civil cases in all courts or in criminal cases in courts not of record, may consist of less than twelve men, as may be prescribed by law. Hereafter a grand jury may consist of twelve men, any nine of whom concurring may find an indictment, but the legislature may change, regulate or abolish the grand jury system." [Emphasis supplied]
It was said in Johnson v. State, Wyo., 532 P.2d 598, 601 (1975):
"For the reasons stated in Arnold v. State, 1957, 76 Wyo. 445, 306 P.2d 368, 65 A.L.R.2d 839, jury and bailiff expenses, however, may not be taxed as costs of prosecution against the convicted defendant. The right to trial by jury in criminal prosecutions must be kept inviolate. Art. 1, § 9, Wyo.Const." [Emphasis supplied]
The following is quoted from Arnold, supra this note, at pages 376-377 of 306 P.2d:
"... The right to trial by jury in criminal prosecutions is inviolate and may not be hampered either directly or indirectly..."
[4] Section 5-136, W.S. 1957, provides:

"Appeals from justice's court.  Appeals from the judgment or sentence of such police justice may be taken to the district court in the same manner as is now provided by law for appeals from justices' courts in criminal cases, and shall be dealt with by the courts as criminal cases."
Section 5-136, supra, makes the appellate justice of the peace statutes applicable to appeals from municipal court to the district court, and therefore § 7-448, W.S. 1957, is pertinent. This section provides:
"Trial in district court.  The cause, when thus appealed, shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, and as nearly as practicable as an issue of fact upon an indictment, without regard to technical errors or defects, which have not prejudiced the substantial rights of either party, and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to law, and shall give judgment accordingly."
The word "trial" in this section means "jury trial." Shafsky v. City of Casper, Wyo., 487 P.2d 468.
Section 5-121, W.S. 1957, provides:
"Appeals to district court; cities affected.  In addition to all other methods heretofore provided by law, an appeal from the judgment or sentence of a police justice in any city or town operating under a special charter or commission, commission manager or manager form of government, may be taken to the district court in the same manner as is now provided by law for appeals from justice courts in criminal cases, and shall be dealt with by the courts as criminal cases."
[5] According to Rule 29, W.R.Cr.P.J.C., the following sections of Wyoming Statutes 1957 have been "superseded," namely: § 5-136, § 5-121, and § 5-130.
[6] "Pleading, practice and procedure" is the language of our § 5-18, W.S. 1957, which grants and defines the areas of rule-making for this court.